638 So.2d 26 (1994)
REPUBLICAN PARTY OF FLORIDA, et al., Appellants,
v.
Jim SMITH, etc., et al., Appellees.
No. 83249.
Supreme Court of Florida.
April 28, 1994.
Rehearing Denied June 16, 1994.
Richard C. McFarlain, Charles A. Stampelos and Harold R. Mardenborough of McFarlain, Wiley, Cassedy & Jones, P.A., and Bill L. Bryant of Katz, Kutter, Haigler, Alderman, Marks & Bryant, P.A., Tallahassee, for appellants.
Robert A. Butterworth, Atty. Gen. and Gerald B. Curington, Asst. Atty. Gen., Tallahassee, for appellees.
Park D. Thomson and Carol A. Licko of Thomson, Muraro, Razook & Hart, P.A., Miami, for intervenor/appellee Bill Jones.
Julian Clarkson and Scott D. Makar, Jacksonville, amici curiae for Chesterfield Smith and Raymond Ehrlich.
Timothy J. Warfel, Tallahassee, amicus curiae for Kenneth L. Connor.
HARDING, Justice.
We have for review a trial court order upholding the constitutionality of section 106.32(1), Florida Statutes (1991). The First *27 District Court of Appeal certified the order as passing on an issue of great public importance requiring immediate resolution by this court. Republican Party of Fla., et al. v. Jim Smith, etc., et al., No. 94-403 (Fla. 1st DCA Feb. 23, 1994). We have jurisdiction. Art. V, § 3(b)(5), Fla. Const.
We affirm the trial court's order because we find that section 106.32(1) provides a valid appropriation. This provision upholds the Legislature's intent to fund the Election Campaign Financing Act[1] (the Act).
The Legislature passed the Act in 1986 to allow qualified candidates for statewide office to receive money from the public coffers to match private contributions. The Act was designed to encourage people who are not independently wealthy to run for statewide office and to make candidates less beholden to special interest groups. § 106.31, Fla. Stat. (1991).
The Legislature created the Election Campaign Financing Trust Fund (Trust Fund) to finance the Act. See § 106.32, Fla. Stat. (1991). In 1986 the Legislature appropriated $3 million to the Trust Fund. Before the Legislature amended section 106.32 in 1991, the Trust Fund was to be financed by legislative appropriation. This provision said:
Each year in which a general election is to be held for the election of the Governor and Cabinet, the Legislature shall appropriate to the Election Campaign Financing Trust Fund from general revenue an amount sufficient to fund qualifying candidates pursuant to the provisions of this act.
Ch. 86-276, § 1, at 2030-31, Laws of Fla. (Emphasis added.) The Legislature removed the $3 million appropriation in 1987 and returned the money to the state's general revenue fund. In 1991 the Legislature amended election laws to provide funding sources for the Trust Fund.[2] Chapter 91-107, § 19, at 892, Laws of Florida, amended the statute to read as follows:
If necessary, each year in which a general election is to be held for the election of the Governor and Cabinet, additional funds shall be transferred to the Election Campaign Financing Trust Fund from general revenue in an amount sufficient to fund qualifying candidates pursuant to the provisions of ss. 106.30-106.36.
§ 106.32(1), Fla. Stat. (1991). (Emphasis added.)
The Republican Party of Florida filed suit in August 1993, asking the circuit court to find that section 106.32(1) is (1) not a lawful appropriation and (2) unconstitutional. The Party also asked the trial court to enjoin the appellees from enforcing or using section 106.32(1) as a financing source for the Trust Fund. After hearing arguments on cross-motions for summary judgment, the circuit judge granted the appellees' motion for summary judgment and denied the appellants' motion. In the final judgment rendered on February 1, 1994, the trial judge's conclusions included:
3. The use or meaning of the word "transferred" in § 106.32, Fla. Stat., is ambiguous.
4. That the Legislature intended to provide funds to the Election Campaign Financing Trust Fund in an amount sufficient to fund qualifying candidates pursuant to the provisions of §§ 106.30-106.36, Fla. Stat.
5. That §§ 106.32(1) and 106.35, Fla. Stat., constitute the consent of the public to expend public funds and consequently constitute a valid appropriation made by law.
6. That the use of a formula in an appropriation rather than the use of a specific dollar amount or a specific funding source is a valid appropriation.
7. Sections 106.32 and 106.35, Fla. Stat., comply with the itemization requirement of Art. III, § 19(b), Fla. Const.
This appeal followed.
We affirm the trial court's order.
*28 Article VII, section 1(c) of the Florida Constitution provides that "[n]o money shall be drawn from the treasury except in pursuance of appropriation made by law." This provision gives to the Legislature "the exclusive power of deciding how, when, and for what purpose the public funds shall be applied in carrying on the government." State ex rel. Kurz v. Lee, 121 Fla. 360, 384, 163 So. 859, 868 (1935). The Republican Party makes much of the fact that the 1991 amendment to section 106.32(1) replaced the word "appropriate" with "transferred." The Party argues that a "transfer" is not an "appropriation," so money cannot be released from the general revenue fund.
This Court has not required the use of the word "appropriate" to constitute a valid appropriation. See, e.g., Thompson v. Graham, 481 So.2d 1212, 1214 (Fla. 1985) (the phrase "authorizing and funding" is another way of saying "appropriating"); State ex rel. Bonsteel v. Allen, 83 Fla. 214, 219, 91 So. 104, 106 (1922) ("Statutes setting apart or designating public moneys for special governmental purposes have been held to be appropriations, notwithstanding the word `appropriation' is not used."); State v. Southern Land & Timber Co., 45 Fla. 374, 387, 33 So. 999, 1003 (1903) (tax revenues constituting special fund for public health purposes constitute an appropriation, even though the term "appropriate" was not used). The words "appropriate" and "transfer" have similar meanings. When viewed in the context of this statutory scheme, the Legislature's use of the word "transferred" does not render this funding mechanism invalid.
The Republican Party also argues that "transferred" as used in section 106.32(1) does not meet the statutory definition of appropriation. Section 216.011(1)(b), Florida Statutes (1993), defines appropriation as "a legal authorization to make expenditures for specific purposes within the amounts authorized in the appropriations act." This definition is limited to those appropriations contained in an "appropriations act."[3] In Thompson this Court distinguished between an appropriation act and a substantive act that contains an appropriation:
The term "appropriation act" obviously would not include an act of general legislation; and a bill proposing such an act is not converted into an appropriation bill simply because it has engrafted upon it a section making an appropriation. An appropriation bill is one the primary and specific aim of which is to make appropriations of money from the public treasury.
481 So.2d at 1214 (quoting Bengzon v. Secretary of Justice, 299 U.S. 410, 413, 57 S.Ct. 252, 254, 81 L.Ed. 312 (1937)). The Act at issue here is one of general legislation; section 106.32(1) is simply a section that makes an appropriation. Thus, section 106.32(1) is not an "appropriations act," but an act of substantive legislation that also contains an appropriation.[4] Thus, the definitions in chapter 216 do not control the outcome of this case.
The Republican Party argues that the failure to identify a specific dollar amount to be transferred renders the funding provision null. We do not agree. Section 106.34 sets limits on the amounts candidates can spend. Section 106.35 establishes formulas and thus controls the distribution of funds to qualified candidates. These sections adequately specify, control, and limit the funds transferred.
We also find without merit the Republican Party's argument that an itemization requirement in the Florida Constitution applies to this Act. Article III, section 19(b) does not take effect until July 1, 1994. Section *29 106.32(1) was enacted in 1991, so the Legislature was not bound by the itemization requirement.
Accordingly, we affirm the trial court's order and hold that section 106.32(1) is a valid appropriation from the general revenue fund if necessary to fund the Act.
It is so ordered.
OVERTON, McDONALD, SHAW and KOGAN, JJ., concur.
GRIMES, C.J., concurs with an opinion.
GRIMES, Chief Justice, concurring.
Under section 106.32(1), Florida Statutes (1991), the amount of money which will have to be transferred from general revenue in any given election year cannot be determined until the expenditures of all qualified candidates have been tabulated. From a fiscal standpoint, this strikes me as a dubious method of underwriting the public financing of elections, but I cannot say that it is unconstitutional.
NOTES
[1] §§ 106.30-.36, Fla. Stat. (1991).
[2] Two provisions of section 106.32 provided for financing the Trust Fund through proceeds from candidates' filing fees and through assessments on contributions to political parties and political committees. §§ 106.32(2), (3), Fla. Stat. (1991). In State v. Republican Party, 604 So.2d 477 (Fla. 1992), this Court struck down the assessments required by section 106.32(3) because they violated the First Amendment.
[3] Section 216.011(1)(c), Florida Statutes (1993), defines "appropriations act" as

the authorization of the Legislature, based upon legislative budgets or based upon legislative findings of the necessity for an authorization when no legislative budget is filed, for the expenditure of amounts of money by an agency, the judicial branch, and the legislative branch for stated purposes in the performance of the functions it is authorized by law to perform.
[4] This Court historically has recognized that acts of substantive law may contain an appropriation. See Amos v. Moseley, 74 Fla. 555, 578, 77 So. 619, 626 (1917) (in construing a substantive bill creating a state tax commission that also appropriated money for the commission's expenses, this Court held that "[t]he matter of appropriations for carrying the law into effect is but a small part of the great purpose of the act.").