# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D19-928
_____

GOVERNOR RON DESANTIS, in his
official capacity as Chief
Executive Officer and Chair of
the Board of Education; STATE
OF FLORIDA; FLORIDA STATE
BOARD OF EDUCATION; FLORIDA
BOARD OF GOVERNORS OF THE
STATE UNIVERSITY SYSTEM;
FLORIDA DEPARTMENT OF
EDUCATION; and RICHARD
CORCORAN, in his official
capacity as Florida
Commissioner of Education,

     Appellants,

     v.

ALEXIS S. GEFFIN, RYAN J.
GEFFIN, THOMAS A. WARREN,
KATHLEEN VILLACORTA, and the
SYMPHONIC BAND OF THE PALM
BEACHES, INC.,

     Appellees.

_____


On appeal from the Circuit Court for Leon County.
Charles W. Dodson, Judge.

October 21, 2019

M.K. THOMAS, J.

Appellants challenge the denial of their motion to dismiss arguing Appellees' claims are barred by the doctrine of sovereign immunity. We agree and reverse the order on appeal.

Our opinion in *Corcoran v. Geffin*, 250 So. 3d 779 (Fla. 1st DCA 2018), sets forth the underlying facts of the case. *Id.* at 782-83. In *Corcoran*, Appellant filed a petition seeking a writ of prohibition declaring that the circuit court lacked jurisdiction to adjudicate the class action complaints. *Id.* at 781. We granted the petition in part but denied the petition relating to Appellees' breach of contract claims. *Id.* at 788. This Court did not determine whether the claims were barred by sovereign immunity as factual issues remained for determination by the circuit court.

Thereafter, Appellees filed amended complaints asserting, among other claims, a count for breach of contract and a count for violation of article I, section 10 of the Florida Constitution—impairment of contracts. Appellants moved to dismiss the amended complaints, asserting the claims were barred by sovereign immunity. The circuit court denied the motion. This is the appeal of the denial.

A trial court's ruling on a motion to dismiss a complaint based on whether a claim is barred under the doctrine of sovereign immunity is a question of law; thus, the appropriate standard of review is de novo. *See Andrew v. Shands at Lake Shore, Inc.*, 970 So. 2d 887, 888-89 (Fla. 1st DCA 2007).

Sovereign immunity does not protect the state from suits arising from the state's breach of an "express, written contract into which the state agency has the statutory authority to enter." *Pan-Am Tobacco Corp. v. Dep't of Corr.*, 471 So. 2d 4, 6 (Fla. 1984); *see also Corcoran*, 250 So. 3d at 786. On appeal, Appellants argue the trial court erred in denying the motion to dismiss the amended complaints because Appellees fail to sufficiently allege (1) the existence of an express, written contract, and (2) that Appellants had the authority to enter into the alleged contracts.

We begin our analysis with the issue of whether Appellants had the authority to enter into the alleged express, written

2

contracts. Appellees claim the following four statutes not only authorized the state to enter into contracts but required the state to appropriate funds necessary to match private donations to colleges and universities: sections 1011.85, 1011.32, 1011.94, and 1013.79, Florida Statutes ("matching statutes"). "Where the legislature has, by general law, authorized entities of the state to enter into contract or to undertake those activities which, as a matter of practicality, require entering into contract, the legislature has clearly intended that such contracts be valid and binding on both parties." *Pan-Am*, 471 So. 2d at 5. The Florida Supreme Court has recognized that "[t]he Legislature has authorized certain activities that implicitly grant state agencies the power to contract for necessary goods and services." *Am. Home Assur. Co. v. Nat'l R.R. Passenger Corp.*, 908 So. 2d 459, 475 (Fla. 2005).

Although the authority to contract need not be explicit and may implicitly be granted, the matching statutes at issue fail to provide even implicit authority to bind the Legislature to make appropriations. First, the statutes fail to make any reference to the Defendant's authority to enter such contracts. *See Id.* (citing to sections 20.315 and 945.215, Florida Statutes, as examples of statutes that implicitly grant state agencies the power to contract where each statute refers to contracts or contracted entities). Second, contrary to Appellees' argument, the matching statutes do not require the Legislature to appropriate matching funds. Each statute either makes the appropriation of funds subject to the General Appropriations Act, §§ 1011.32 (6), 1013.79 (6) Fla. Stat., or contemplates scenarios where funds necessary to fulfill the matching obligation would not be provided, §§ 1011.85(8)(b), 1011.94(7), Fla. Stat., or both.[1] Therefore as a matter of law,

---

[1] Appellees cite to *Republican Party of Florida v. Smith*, 638 So. 2d 26 (Fla. 1994), in support of their argument that matching is mandatory under the "matching statutes." However, *Smith* is readily distinguishable. In *Smith*, the Florida Supreme Court declared section 106.32(1), Florida Statutes, "the Election Campaign Financing Act," constitutional, finding that it was not "'an appropriation act' but an act of substantive legislation that also contains an appropriation," noting that sections of the act "adequately specify, control, and limit the funds transferred." *Id.*

Appellants are entitled to sovereign immunity protection from the breach of contract claims.[2]

The circuit court similarly erred in failing to dismiss the claims for impairment of contracts. Although sovereign immunity does not bar Appellees' impairment of contracts claims, *see Fla. Fish & Wildlife Conservation Comm'n v. Daws*, 256 So. 3d 907, 912 (Fla. 1st DCA 2018) ("sovereign immunity will not bar a claim against the State based on violations of the state or federal constitution"), to succeed, there must be a preexisting contract to impair. *See Searcy, Denney, Scarola, Barnhart & Shipley v. State*, 209 So. 3d 1181, 1191 (Fla. 2017) ("To impair a preexisting contract, a law must have the effect of rewriting antecedent contracts in a manner that changes the substantive rights of the parties to existing contracts."). However, as explained above, Appellants did not have the authority to enter into contracts mandating the state to appropriate matching funds; thus, even if express, written contracts exist, the contracts were not impaired when the matching statutes were amended suspending the matching programs.[3] As such, Appellees are unable to plead an impairment of contracts claim sufficient to withstand a motion to dismiss.

---

at 28. In contrast, the "matching statutes" at issue here contain no such limitations.

[2] Because Appellants are without the required authority, we do not address whether Appellants' amended complaints and attachments sufficiently allege the existence of express, written contracts.

[3] The matching statutes were amended in 2011 to include the following provision, "Effective July 1, 2011 state matching funds are temporarily suspended for donations received for the program on or after June 30, 2011. Existing eligible donations remain eligible for future matching funds. The program may be restarted after $200 million of the backlog for the program under [the matching statutes] have been matched." §§ 1011.32(13), 1011.85(13), 1011.94(8), 1013.79(12), Fla. Stat. (2011).

Based on the foregoing, we reverse and remand for entry of a final order dismissing both the breach of contract and impairment of contracts claims.

REVERSED and REMANDED.

WOLF and OSTERHAUS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Ashley Moody, Attorney General, Blaine H. Winship, Special Counsel to the Office of the Attorney General, Amit Agarwal, Solicitor General, Edward M. Wenger, Chief Deputy Solicitor General, and Christopher J. Baum, Deputy Solicitor General, Tallahassee, for Appellants.

Eugene E. Stearns, Grace L. Mead, and Morgan Q. McDonough of Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., Miami; Glenn Burhans, Jr., and Kelly O'Keefe of Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., Tallahassee, for Appellees.