495 So.2d 189 (1986)
SOUTHERN ROADBUILDERS, INC. Appellant,
v.
LEE COUNTY, Florida, Appellee.
No. 85-2554.
District Court of Appeal of Florida, Second District.
July 11, 1986.
Rehearing Denied September 30, 1986.
Robert L. Donald and Gregory E. White of Pavese, Shields, Garner, Haverfield, Dalton & Harrison, Fort Myers, for appellant.
Sylvia H. Walbolt, J. Brent Walker, and Donald E. Hemke of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, for appellee.
Henry P. Trawick, Jr. of Trawick, Griffis, Hammersley & Valentine, P.A., Sarasota, amicus curiae.
*190 HALL, Judge.
Southern Roadbuilders, Inc., appeals the trial court's application of sovereign immunity to bar its action in contract against Lee County. We affirm.
The facts are essentially undisputed by either party and involve a 5.2 million dollar written contract for appellant's construction of air carrier aprons, fueling systems, airfield lighting, and service roads for the Southwest Florida Regional Airport in Lee County.
This contract stipulated completion of the job within one hundred and fifty-eight days. Appellant was forty-eight days into its endeavor when appellee revised the plans for underground drainage, i.e., the drain system's inlet structures. Appellant claimed it incurred $840,729.20 in additional costs in complying with appellee's revision within the time deadline. Appellant failed to advise the county of the additional costs prior to construction, and in fact, no claims for the additional work were submitted until almost three months after all work on the contract had been completed. Although the record contains evidence of unsigned change orders documenting this additional expense, the original contract does not provide for such additional expense and the record is devoid of any other properly executed, written instruments which would incorporate the terms of these additional expenses into the original contract.
In its amended complaint appellant proposed three bases of recovery: Count 1, breach of contract; Count 2, quantum meruit; and Count 3, job specifications. The trial court, applying the case of Pan Am Tobacco Corp. v. Department of Corrections, 471 So.2d 4 (Fla. 1984), dismissed all three counts and held that sovereign immunity barred recovery as to each count. Appellant raises the dismissal of each count as its three points on appeal and contends that sovereign immunity does not bar recovery on the three counts and, further, that Pan Am Tobacco Corp. v. Department of Corrections does not justify a dismissal of each count. As points two and three prove to be respectively repetitive and meritless, we confine our discussion and holding to the first and dispositive issue on appeal  whether there occurred an allowable action for breach of contract.
The parties offer varying legal characterizations of the facts. Appellant urges a finding that appellee in its vacillation on plans for the underground drainage breached an implied contractual duty of reasonable cooperation and payment of additional costs. Appellee contends that appellant in effect seeks a finding and enforcement of a new and separate oral contract regarding the payment of these expenses.
In its dismissal of appellant's amended complaint, the trial court deemed the claims not founded on an express written contract and accordingly barred under Pan-Am Tobacco Corp. v. Department of Corrections. We agree.
Pan Am Tobacco Corp. v. Department of Corrections established that a governmental entity can incur contractual liability on statutorily authorized agreements of an express written nature. This decision accepted legislative intent as a possible restriction on the traditional defense of sovereign immunity.[1]
Appellee was plainly empowered to contract by sections 125.01 and 332.08(5), Florida Statutes (1981). However, appellant has not established in the instant action that a breach of the written and binding instrument occurred.
The additional costs claimed by appellant were neither addressed in the original contract nor in any subsequent legally operative instrument. Of particular significance to this fact is the presence of job specification *191 GP 50-16. This specification provided procedural instructions to be followed by appellant in order to change the terms of the written contract. Appellant totally ignored these procedural instructions and failed to secure any properly executed written instrument approving changes in the contract.
We are not persuaded that a breach of the written contract occurred and affirm the trial court's application of sovereign immunity in denying appellant's action.
SCHEB, A.C.J., and FRANK, J., concur.
NOTES
[1] Sovereign immunity is a doctrine designed to protect the public treasury from what would otherwise be countless claims filed by the vast number of citizens affected by the actions of a government. Though it germinated in the monarchical maxim, "The King Can Do No Wrong," Prosser, Law of Torts 971 (4th ed. 1971)  an odious concept by modern standards  sovereign immunity, at least to the extent retained by the legislature and courts, is a positively necessary and rational safeguard of taxpayers' money.