519 So.2d 696 (1988)
CHAMPAGNE-WEBBER, INC. and Miles Anderson Contracting Inc., Appellants,
v.
CITY OF FORT LAUDERDALE a Municipal Corporation, Appellee.
No. 4-86-2712.
District Court of Appeal of Florida, Fourth District.
February 3, 1988.
Robert E. Ferencik, Jr., of Leiby and Elder, Miami for appellants.
Donald R. Hall, City Atty. and T.J. Ansbro, Jr., Deputy City Atty., Ft. Lauderdale, for appellee.
OWEN, WILLIAM C. Jr., (Retired), Associate Judge.
Appellants, private contractors, appeal a summary final judgment entered in favor of appellee, the City of Fort Lauderdale. The trial court, after finding that each of appellants' claims was founded upon a theory of implied contract rather than upon the express written contract between the parties, determined appellants' claims were barred by the defense of sovereign immunity under Pan-Am Tobacco Corporation v. Department of Corrections, 471 So.2d 4 (Fla. 1984) and Southern Roadbuilders, Inc. v. Lee County, 495 So.2d 189 (Fla.2d DCA 1986), rev. denied, 504 So.2d 768 (Fla. 1987). We reverse.
Appellants, as joint venturers, entered into a written contract with appellee to construct a bridge. There is no issue concerning appellee's statutory authority to so contract. After the construction had been completed, appellants filed a three count complaint against appellee. Count I was for breach of contract. It alleged that the plaintiffs had submitted their bid for the *697 work in justified reliance on the city's representation that the soil condition at the construction site was sand only, that after the work had been commenced it was discovered that the soil condition was both sand and rock, and that this condition required an alternate and more expensive method of construction; and that the city had breached the implied covenants of the contract by hindering and delaying work through the giving of inaccurate and misleading information concerning the soil condition and had breached the express covenants of the contract by increasing the quantity and scope of the work and refusing to pay for the additional cost incurred thereby. Count II was for breach of both express and implied warranties. It alleged that the city expressly had warranted that the soil condition at the construction site was sand when it was not, and impliedly had warranted that drawings and plans provided for the work accurately showed the soil condition at the site when they did not and that such breach of express and implied warranties had resulted in plaintiffs' sustaining additional costs for the construction. Count III was an action for quantum meruit.
Count III was, without question, an action on an implied contract (and thus barred under the authorities above cited). We conclude, however, that the trial court erred in its determination that Counts I and II were founded on theories of implied contract and therefore barred by the doctrine of sovereign immunity. To the contrary, both Count I and Count II were claims arising out of the express written contract between the parties, albeit those claims included allegations of breach of implied covenants and breach of implied warranties.
The problem arises, we suspect, from certain language appearing in the opinion of Pan-Am Tobacco wherein the court stated as its holding:
... that where the state has entered into a contract fairly authorized by the powers granted by general law, the defense of sovereign immunity will not protect the state from action arising from the state's breach of that contract.
471 So.2d at 5, but then restricted its scope by emphasizing:
... our holding here is applicable only to suits on express, written contracts into which the state agency has statutory authority to enter.
471 So.2d at 6. It seems likely that the trial court (as we think the Second District of Appeal did in the Southern Roadbuilders case) construed this limiting language in the Pan-Am Tobacco case to mean that no contractual cause of action may be maintained against a state agency unless it is one for breach of an express covenant or provision of an express written contract. We feel that this is a narrower construction of that limiting language than was intended by the Supreme Court.[1]
The reasoning expressed by the Supreme Court in the Pan-Am Tobacco case was that the legislature, in authorizing a state agency to enter into a contract, clearly intended that such contracts be valid and binding on both parties and, thus, mutually enforceable against both. 471 So.2d at 5. While the Court emphasized that its holding was restricted to suits on express written contracts into which the state agency had statutory authority to enter, there is no indication that the Court intended by its decision to otherwise change established principles of contract law.
Virtually every contract contains implied covenants and conditions. For example, every contract includes an implied covenant that the parties will perform in good faith. In construction contract law an owner has (a) an implied obligation not to do anything to hinder or obstruct performance by the other person, Gulf American Land Corporation v. Wain, 166 So.2d 763, *698 764 (Fla. 3d DCA 1964), (b) an implied obligation not to knowingly delay unreasonably the performance of duties assumed under the contract, Southern Gulf Utilities Inc. v. Boca Ciega Sanitary District, 238 So.2d 458, 459 (Fla. 2d DCA 1970), cert. denied, 240 So.2d 813 (Fla. 1970), and (c) an implied obligation to furnish information which would not mislead prospective bidders, Jacksonville Port Authority v. Parkhill-Goodloe Co. Inc., 362 So.2d 1009 (Fla. 1st DCA 1978).
Even the contract between the parties in this case required that the contractor perform all work "... expressly or impliedly required to be furnished and done by the contractor under the contract...." It seems neither logical nor within the principles of fairness enunciated in the Pan-Am Tobacco case to construe the restrictive language of that case to mean that the defense of sovereign immunity is waived only for the state's breach of an express covenant or condition of an express, written contract, but that the defense is not waived for the state's breach of an implied covenant or condition of such contract, while the other contracting party remains liable for a breach of both the express and the implied covenants and conditions.
We hold that where a suit is brought on an express, written contract entered into by a state agency under statutory authority, the defense of sovereign immunity does not protect the state agency from an action arising out of a breach of either an express or implied covenant or condition of that contract.[2]
In entering the summary final judgment, the trial court not only found that appellants' claims were barred by the doctrine of sovereign immunity, but also made certain determinations relative to the merits of the claims. We note that the record discloses genuine issues of material fact on these issues, thus rendering them inappropriate for disposition by summary judgment.
The summary final judgment is reversed and this cause remanded for further proceedings consistent herewith.
REVERSED AND REMANDED.
HERSEY, C.J., and DOWNEY, J., concur.
NOTES
[1] The Third District Court of Appeal expressed a somewhat similar view in Dade County v. American Re-insurance, Co., 467 So.2d 414, 418 (Fla. 3rd DCA 1985), a contract action against Dade County, wherein the court held that this limiting language would not preclude a claim for interest, even though the contract had no express provision concerning it, where interest on a liquidated debt is implied by law.
[2] This holding is in conflict with the Southern Roadbuilders case but not, we believe, in conflict with the Pan Am Tobacco Corporation case.