629 So.2d 879 (1993)
INTERAMERICAN ENGINEERS AND CONSTRUCTORS CORPORATION, Appellant,
v.
PALM BEACH COUNTY HOUSING AUTHORITY, Appellee.
No. 92-1551.
District Court of Appeal of Florida, Fourth District.
November 10, 1993.
Rehearing and Clarification Denied February 11, 1994.
*880 Robert A. Hingston of Welbaum, Zook & Jones, Coral Gables, for appellant.
Donna H. Stinson of Moyle, Flanigan, Katz, FitzGerald & Sheehan, P.A., Tallahassee, for appellee.
MAY, MELANIE G., Associate Judge.
A contract dispute between Interamerican Engineers and Constructors Corp. and Palm Beach County Housing Authority lies at the heart of this appeal. The nuances of the doctrine of sovereign immunity created the legal issues. From a directed verdict in favor of Palm Beach County Housing Authority, Interamerican appeals.
In 1983, the parties entered into an agreement for the construction of a HUD project. Despite best laid plans, the contractor encountered unexpected obstacles throughout the construction. These obstacles included the necessity of demucking the construction site, obtaining the proper roof warranty, water hookup to the site, and difficulty with the fire marshal.
These obstacles caused delays in the construction, which the contractor attempted to overcome by accelerating the work, which in turn increased overhead costs and expenses. The contractor sought recovery for these increased costs and expenses. Despite the contractor's failure to comply with contractual provisions requiring submissions for additional time and expenses in a prescribed manner, the Housing Authority paid some of the claims and denied others. During the litigation, the contractor maintained that the conduct between the parties had waived the contractual prerequisites; however, the County adhered to contractual provisions to ward off the claims.
At the start of the trial, the court granted the Housing Authority's Motion in Limine, prohibiting the contractor from introducing evidence on the claims for overhead and home office expenses. The trial court subsequently granted the Housing Authority's motion for directed verdict on the remaining claims and the contractor's request for prejudgment interest. The contractor appeals.

The Motion In Limine  A Procedural Error
While the trial court discussed the doctrine of sovereign immunity in granting the Motion in Limine, the contract's wording appears to have been the basis of the court's decision. The contract provided specific allowances for overhead and general office expenses associated with changes in the work. Using this provision, the trial court ruled that the contractor would be limited to the percentage allowance called for in the contract and denied the contractor the opportunity to present any evidence for claims in excess of the designated allowance.[1]
*881 A motion in limine is not a substitute for a motion for summary judgment. Buy-Low Save Centers, Inc. v. Glinert, 547 So.2d 1283 (Fla. 4th DCA 1989). In this case, that is precisely what happened. The ruling must therefore be reversed.

Sovereign Immunity  Immune or Not
After the plaintiff presented evidence on the remaining claims, the Housing Authority moved for directed verdict relying on the doctrine of sovereign immunity. It argued that the damages sought by the contractor were not expressly covered under the written contract. As such, the Housing Authority was immune from suit. The contractor argued that the Housing Authority's interpretation of existing case law on sovereign immunity was much too narrow and that as long as a written contract existed between the parties, suit could be brought on express and implied covenants of the written agreement. The trial court took the narrow, constrained interpretation and granted the Housing Authority's motion for directed verdict. In doing so, it erred.
We begin our journey through the land of sovereign immunity as it relates to contractual claims with Pan-Am Tobacco v. Department of Corrections, 471 So.2d 4 (Fla. 1984). In Pan-Am, the Supreme Court of Florida held "that where the state has entered into a contract fairly authorized by the powers granted by general law, the defense of sovereign immunity will not protect the state from action arising from the state's breach of that contract." Id. at 5. The Court then limited its holding to actions based on "express, written contracts."
Subsequent to Pan-Am, the Second District decided Southern Roadbuilders v. Lee County, 495 So.2d 189 (Fla. 2d DCA 1986). In Southern Roadbuilders, the trial court dismissed claims for delay and additional expenses caused by revisions made by the County to the original contract. Claims for these damages were submitted three months after all work had been completed. The Second District upheld the dismissal. Because the claims were "neither addressed in the original contract nor in any subsequent legally operative instrument," the court found there had been no breach of a written contract. Thus, under Pan-Am, the county was immune from suit.
Two years later, this court decided Champagne-Webber, Inc. v. City of Fort Lauderdale, 519 So.2d 696 (Fla. 4th DCA 1988). In Champagne-Webber, the contractor sought damages for delay under the theories of breach of express and implied covenants of a written agreement. Recognizing that most contracts contain implied covenants, this court held "that where a suit is brought on an express, written contract ... the defense of sovereign immunity does not protect the state agency from an action arising out of a breach of either an express or implied covenant or condition of that contract." Id. at 698. This court aligned itself with the Third District Court of Appeal's decision in Dade County v. American Re-Insurance Co., 467 So.2d 414 (Fla. 3d DCA 1985) and specifically noted its holding conflicted with the Second District's prior decision in Southern Roadbuilders.[2]
Apparently, the trial court in this case believed that if the contract was either silent on an issue or required a "written" document to request additional time or make a claim and none existed, then Southern Roadbuilders protected the government entity from liability. Because the contractor had not complied with the time deadlines or written requirements of the express contract in requesting additional time and making claims, the trial court held the sovereign immunity doctrine barred the claim.
In doing so, the trial court appears to have misinterpreted our holding in Champagne-Webber. For this reason, we must reverse and reiterate this court's prior holding. As long as an express written agreement exists, the basis for a breach of contract suit also exists and may include claims *882 based upon implied covenants within the agreement.

Prejudgment Interest
The last issue concerns the trial court's entry of directed verdict on the contractor's only remaining claim for prejudgment interest. The contractor sought to recover interest from the time payment was allegedly due on balances and claims paid by the Housing Authority until the time payment was made. The trial court disallowed the interest claim. We find no error in the trial court's decision on this issue. See, e.g., Chiles v. United Faculty of Florida, 615 So.2d 671 (Fla. 1993).
As the Florida Supreme Court noted in Broward County v. Finlayson, 555 So.2d 1211 (Fla. 1990): the law on prejudgment interest is not absolute and may depend upon equitable considerations. Here, the Housing Authority paid certain balances and claims despite the contractor's lack of compliance with contract prerequisites. While the payment may be said to have liquidated the balances and claims to some extent, the county's willingness to compromise should not be penalized.
We, therefore, reverse the trial court's ruling on the Motion in Limine due to the procedural imperfection in its handling. We also reverse the court's entry of a directed verdict on the issue of sovereign immunity and remand the case for further handling consistent with this opinion. We affirm the trial court's handling of the prejudgment interest issue.
STONE, J., and WALDEN, JAMES H., Senior Judge, concur.
NOTE: WALDEN, JAMES H., Senior Judge, did not participate in oral argument but has reviewed the presentation made at that proceeding.
NOTES
[1] The claims for overhead and office expenses were allegedly incurred due to the various delays in the construction process.
[2] The First District noted Champagne-Webber with approval in Phillips & Jordan, Inc. v. Florida Dept. of Transp., 602 So.2d 1310 (Fla. 1st DCA 1992).