DAUKSCH, Judge.
Brevard County appeals a non-final order denying in part its motion for summary judgment. Generally, an order denying a motion for summary judgment is not appealable. However, the county in its motion raised the affirmative defense of sovereign immunity, and this appeal involves that issue. See Department of Transp. v. Wallis, 659 So.2d 429 (Fla. 5th DCA 1995).
On January 5, 1993, Miorelli Engineering (“MEI”) contracted with Brevard County to construct a spring training facility for the Florida Marlins. It was agreed the project would be built within a specified time period. MEI began developing the baseball facility. A dispute subsequently arose between the county and MEI, and the county terminated MEI as contractor and withheld the remaining amounts due under the contract. MEI then filed suit against the county seeking to recover those withheld amounts, as well as payment for extra work. In addition to these counts, MEI also alleged fraud in the inducement, asserting that the county failed to act in good faith during the contract award process when it did not disclose collateral agreements it had made with the tenant, the Florida Marlins, and another co-venturer, the Viera Company. MEI additionally raised claims for quantum meruit and common law fraud.
The county filed a motion for summary judgment based in part on the sovereign immunity defense. The county asserted it was immune from MEI’s claims for the extra work not expressly included in the terms of the written agreement, as well as the claims for quantum meruit, fraudulent inducement, and common law fraud. The lower court granted the county’s motion as to the claims for quantum meruit and common law fraud. The trial court concluded, however, that neither the fraud in the inducement claim nor the contract claims to recover damages for extra work would be barred by the doctrine of sovereign immunity.
The county asserts that MEI cannot bring suit to recover damages for the additional work, since that extra work was not contemplated by the written contract and no written change orders were issued authorizing the extra work as required by the contract. Although there is no explicit legislative waiver of sovereign immunity in contract, the Supreme Court of Florida found an implied waiver, reasoning that since the legislature authorizes entities of the state to enter into contract, it clearly intends that such contracts be valid and binding on both parties. See Pan-Am, Tobacco Corp. v. Dep’t of Corrections, 471 So.2d 4 (Fla.1984). The supreme court, though, limited their holding to suits on express, written contracts. Their opinion left open the question as to whether the waiver of sovereign immunity would extend to implied conditions of written contracts.
The Second District Court of Appeal, relying on Parir-Am, held that a contractor’s claims for additional costs against a county would be barred by sovereign immunity where the additional costs were not addressed in the original written contract nor in any subsequent written instrument. See Southern Roadbuilders, Inc. v. Lee County, 495 So.2d 189 (Fla. 2d DCA 1986), rev. denied, 504 So.2d 768 (Fla.1987). On the other hand, the Fourth District Court of Appeal adopted a more expansive interpretation of Pan-Am. In Champagne-Webber, Inc. v. City of Fort Lauderdale, 519 So.2d 696 (Fla. 4th DCA 1988), the plaintiff contractor sought additional compensation from the city, alleging the city’s breach of express and implied covenants within the scope of an express, written contract. The fourth district noted that the supreme court in Pan-Am did not indicate that it intended to change established principles of contract law. The fourth district further noted that virtually every contract contains implied covenants and conditions, including an implied covenant that the parties will perform in good faith. The fourth district found it illogical to construe the restrictive language of Pan-Am to abrogate the defense of sovereign immunity to *34 only express conditions of written contracts, while refusing to allow the sovereign to be sued for breach of implied conditions within the same contract. The fourth district held that where suit is brought on an express, written contract entered into by a state agency under statutory authority, the defense of sovereign immunity does not protect the state agency from an action arising out of a breach of either an express or implied covenant or condition of that contract. See also Interamerican Engineers and Constructors Corp. v. Palm Beach County Housing Authority, 629 So.2d 879 (Fla. 4th DCA 1993), rev. denied, 639 So.2d 980 (Fla.1994); Phillips and Jordan, Inc. v. Dep’t of Transportation, 602 So .2d 1310, 1313 n. 2 (Fla. 1st DCA 1992).
We agree with the fourth district’s view in Champagne-Webber, Inc. with regard to the abrogation of sovereign immunity in breach of contract actions. In this case, there was a written contract, and the suit is based on the express and implied covenants of that contract, including the implied covenant to act in good faith. MEI alleged that the county refused to grant extensions of time for excusable delay, and MEI thereby incurred additional expenses by having to accelerate its work schedule. MEI further claimed the county was responsible for much of the delay, by unreasonably withholding its notice to proceed, and not issuing permits in a timely manner. MEI also claimed that it incurred additional costs because during the contract award process the county failed to disclose site conditions which were not readily ascertainable by reasonable pre-bid inspection. As a result of these unknown site conditions, including muck and debris which had to be removed, MEI incurred additional costs. Although the written contract between the county and MEI indicated that the project was not to be modified without written change orders, MEI alleged that the county waived this requirement by directing changes to the project without following its own formalities with regard to preparing written change orders. According to MEI, the county directed changes without submitting written change orders, but later strictly adhered to the terms of the written contract to obtain extra benefits at no additional cost. These contract claims based on breach of the implied covenants of good faith and fair dealing should not be barred by sovereign immunity, and the trial court was correct in denying the motion for summary judgment as to these claims.
The county also asserts that the count alleging fraud in the inducement is barred by the doctrine of sovereign immunity. This fraud count alleged that the county misrepresented and withheld certain vital information from MEI and other bidders for the project. Specifically, an agreement had been reached between the county and the Florida Marlins which granted the Marlins certain rights of architectural control, and knowledge of this collateral agreement was not imparted to the contractor. Furthermore, there was another collateral agreement reached between the county and another co-venturer, the Viera Company, which granted the Viera Company additional rights of architectural control. Once again MEI was unaware of these dealing before executing the contract. MEI states that it never would have entered into the contract if it had known that the Marlins and Viera Company would demand architectural changes to the stadium project.
The legislature has waived sovereign immunity in tort for personal injury, wrongful death, and injury or loss of property. See § 768.28, Fla. Stat. (1995). Fraud in the inducement causing only economic loss does not fit within any of those categories of injury or loss enumerated in the statute. Section 768.28 states that sovereign immunity for liability in tort is waived, but only to the extent specified in the statute. Moreover, fraud in the inducement is a tort independent of breach of contract. Pan-Am recognized the waiver of sovereign immunity to breach of contract actions, and its holding has not been extended to include the tort of fraudulent inducement causing only economic loss. Sovereign immunity has not been waived as to this type of tort, so the trial court erred in not granting the county’s motion for summary judgment as to that count. We note, however, that a similar allegation concerning the county’s failure to disclose vital information was included in the first *35 count for breach of contract, which also included the allegation that the county violated the implied covenants of good faith and fair dealing.
We therefore affirm that portion of the trial court order which denied the motion for summary judgment as to the breach of contract claims seeking damages for extra work, but reverse that portion of the order which denied the motion for summary judgment as to the fraud in the inducement claim which alleges only economic loss.
AFFIRMED IN PART, REVERSED IN PART; REMANDED.
GOSHORN and HARRIS, JJ., concur.