DAUKSCH, Judge,
dissenting.
I respectfully dissent.
I cannot in good conscience affirm the judgment in this case.
Appellant sued for. age and disability discrimination. . He presented some evidence, as did appellee. The judge waited approximately fifteen months after final hearing, and *626 disregarded at least two letters imploring him to rule but he refused to do so. When he finally did rule, he made no findings of fact, offered no reason for the delay and simply ruled for appellee.
Appellant understandably believes the judge did not care about his case, did not remember all of the evidence and could not have made a fully considered decision.
Because I think appellant should have been given the due process and fair and complete consideration of his case that all litigants are entitled to, I would reverse the judgment and send it back for a new judge to hear, consider and promptly and properly rule.
It is cases such as this which make one wonder what efficacy Florida Rule of Judicial Administration 2.050(f) has.
f) Duty to Rule Within a Reasonable Time. Every judge has a duty to rule upon and announce an order or judgment on every matter submitted to that judge within a reasonable time. Each judge shall maintain a log of cases under advisement and inform the chief judge of the circuit at the end of each calendar month of each case that has been held under advisement for more than 60 days.
What does the chief judge of the circuit do when it is disclosed, if it is, that a judge is sitting on a ease for over a year after hearing it and, in this case promising to get it out quickly “while the testimony is still fresh with me,” and then refusing to do so?
If this was the only case where this same trial judge refused to rule in a timely fashion, then perhaps he might be entitled to some sympathy or otherwise have some “slack cut” for him. It is not. In Dease v. Dense, 688 So.2d 454, 455 (Fla. 5th DCA 1997), this court determined that this [judge] “may well [have] set a new standard for the delay between the final hearing and the final judgment.”
Knowing that only a few of the cases which may warrant an appeal are actually appealed due to further delay and great cost, I am certain these are not the only cases where unreasonable delay is a problem. Additionally, lawyers are very hesitant to raise the issue of the delinquency of a judge because the lawyer must continue to appear in front of the judge and naturally fear retribution. See also City of Miami v. Tarafa Const., Inc., 696 So.2d 1275 (Fla. 3d DCA 1997); Caswell v. Caswell, 674 So.2d 861 (Fla. 2d DCA 1996); Tunnage v. Bostic, 641 So.2d 499 (Fla. 4th DCA 1994); Polizzi v. Polizzi 600 So.2d 490 (Fla. 5th DCA 1992).