731 So.2d 161 (1999)
Laura K. KNIPE, Appellant,
v.
Ray Jay KNIPE, III, Appellee.
Nos. 98-3235, 98-3898.
District Court of Appeal of Florida, Fourth District.
May 5, 1999.
Edna L. Caruso of Caruso, Burlington, Bohn & Compiani, P.A., West Palm Beach, for appellant.
Kenneth G. Spillias of Lewis, Longman & Walker, P.A., West Palm Beach, and Richard Barlow, Stuart, for appellee.
PER CURIAM.
We affirm the Supplemental Final Judgment of Dissolution of Marriage and the Amended Supplemental Final Judgment of Dissolution of Marriage in all respects. *162 We write only to address appellant's contention that the trial court's delay in entering a final judgment constituted per se reversible error.
On July 3, 1996, appellant filed her Petition for Dissolution of Marriage; the trial court entered a Final Judgment of Dissolution of Marriage on October 22, 1997 that reserved all other issues for resolution. The court heard testimony and received evidence over a seven month period beginning on June 23, 1997, and ending on January 12, 1998. On July 21, 1998, the court entered a Supplemental Final Judgment of Dissolution of Marriage that awarded primary residential custody of the parties' minor children to the former husband. On October 14, 1998, the trial court entered an Amended Supplemental Final Judgment of Dissolution of Marriage that added a paragraph regarding the parties' personal property. The former wife appealed both the Supplemental Final Judgment of Dissolution of Marriage and the Amended Supplemental Final Judgment of Dissolution of Marriage on grounds that the trial court allowed an excessive delay between the time of trial and the entry of final judgment.
Florida Rule of Judicial Administration 2.050(f) requires that a judge rule upon and announce an order or judgment on every matter within a reasonable time. "[T]he purpose of this rule is to allow the trial court to recall the testimony and demeanor of witnesses and the dynamics of the trial in rendering the final judgment." Walker v. Walker, 719 So.2d 977, 979 (Fla. 5th DCA 1998); see Polizzi v. Polizzi, 600 So.2d 490, 491 (Fla. 5th DCA 1992). Florida Rule of Judicial Administration 2.085(d) provides that a reasonable time for contemplation of a contested dissolution case is 180 days. However, there is no bright line rule as to the amount of time that would constitute a per se unreasonable delay. See Walker, 719 So.2d at 979; Tunnage v. Bostic, 641 So.2d 499 (Fla. 4th DCA 1994).
Florida courts have held that where inconsistencies or conflicts exist in the final judgment, the delay has been unreasonable. See, e.g., City of Miami v. Tarafa Constr., Inc., 696 So.2d 1275 (Fla. 3d DCA 1997); Caswell v. Caswell, 674 So.2d 861 (Fla. 2d DCA 1996); McKenzie v. McKenzie, 672 So.2d 48 (Fla. 1st DCA 1996). However, the courts have refused to reverse a final judgment on grounds of delay where the court's factual findings are supported by the record or where there is no conflict or inconsistency between pronouncements at the time of trial and the written final judgment. See, e.g., Goosby v. Lawrence, 711 So.2d 577 (Fla. 3d DCA 1998); Florida Air Academy, Inc. v. McKinley, 688 So.2d 359 (Fla. 5th DCA 1997); Duva v. Duva, 674 So.2d 774 (Fla. 5th DCA 1996).
Here, the trial court heard testimony regarding the dissolution over the course of seven months. At the conclusion of the evidence, the trial court ordered the court reporter to transcribe the closing arguments for his review. The court also had the transcripts of Dr. Rosa's and Dr. Zaccheo's testimony, transcripts of both parties' depositions, the evidence presented at trial and his trial notes to review before making his determination with respect to the issues in this case. The Supplemental Final Judgment of Dissolution of Marriage and the Amended Supplemental Final Judgment of Dissolution of Marriage contain extensive findings of fact and do not contain conflicts or inconsistencies which demonstrate that the trial court forgot or misunderstood the evidence presented. Accordingly, we affirm the trial court's Supplemental Final Judgment of Dissolution of Marriage and the Amended Supplemental Judgment of Dissolution of Marriage.
AFFIRMED.
DELL, POLEN and STEVENSON, JJ., concur.