In re MID–CONTINENT ELECTRIC, INC., Debtor.

Mid–Continent Electric, Inc., Plaintiff,

v.

State of Florida, Department of Transportation, and Thomas F. Barry, Jr., Secretary of the State of Florida, Department of Transportation, Defendants.

Bankruptcy No. 00–12791–9P1.
Adversary No. 01–479.

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

April 11, 2002.

Louis X. Amato, Naples, FL, for Plaintiff.

Jeffrey M. Dikman, Asst. Attorney General, West Palm Beach, FL, for defendants.

## ORDER GRANTING IN PART AND DENYING MOTION TO DISMISS

(Doc. No. 27)

ALEXANDER L. PASKAY, Bankruptcy Judge.

The matter under consideration in this yet to be confirmed Chapter 11 case is a Motion to Dismiss filed together by the State of Florida, Department of Transportation (DOT) and Thomas F. Barry, Jr., Secretary of the State of Florida, Department of Transportation (DOT Secretary) in Adversary Proceeding No. 01–479. This Adversary Proceeding was initiated by Mid–Continent Electric, Inc. (Debtor) against the DOT and DOT Secretary by the filing of an Amended Complaint, which sets forth three claims in three separate counts.

The claim in Count I is entitled "Enjoin Violations of the Automatic Stay." In Paragraph 5, the Debtor asserts that it intends to institute an action against the DOT to recover final payment under its contract with the DOT, bearing contract no. 19713 (the Project). In Paragraph 6, the Debtor contends that "Said property is in the possession of the Defendant." (Sic). In Paragraph 7, the Debtor contends that: "This action threatened by FDOT is in contravention of and in violation of the provisions of 11 U.S.C. § 362." (Sic). In Paragraph 8, the Debtor contends that: "Further, the actions of the FDOT violate the provisions of 11 U.S.C. § 108(a)(2)." (Sic). In addition to the injunctive relief sought, the Debtor also stated that it intends to pursue an action against DOT for an equitable contract adjustment. In the Wherefore Clause, the Debtor seeks an injunction forbidding the DOT, its agents, servants and employees, "from violating Federal Bankruptcy law and by continuing to ignore an act in contravention of the provisions of 11 U.S.C. §§ 362 and 108(a)(2)."

The claim in Count II is entitled "Enjoin Violations of Federal Bankruptcy Law," and basically states the same allegations as in Count I, but in this Count the relief sought is against the DOT Secretary, his

agents, servants and employees. The Debtor seeks an injunction preventing them "from violating Federal Bankruptcy law by continuing to ignore and act in contravention of the provisions of 11 U.S.C. §§ 362 and 108(a)(2)."

The claim in Count III is entitled "Declaratory Judgment," and names the DOT Secretary as defendant. In this Count, the Debtor seeks declaratory judgment pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 2202. The gravamen of the relief sought is an adjudication by this Court that the State's Statute of Limitations on the claim of the Debtor against the DOT did not run on November 7, 2000 since the Debtor filed its Petition for Relief on August 17, 2000, and the applicable Statute of Limitation was extended by virtue of 11 U.S.C. § 108(a)(2). In the Wherefore Clause, the Debtor demands a judgment against the DOT Secretary claiming that the applicable Statute of Limitations was tolled by the Petition for Relief filed by the Debtor by virtue of 11 U.S.C. § 108, and the position of the DOT Secretary as conducted through his agents and employees is in violation of federal law. (Sic).

The immediate matter under consideration is a Motion to Dismiss the Amended Complaint, filed by both the DOT and the DOT Secretary. The DOT contends that this Court lacks jurisdiction over the sovereign State of Florida and that the Amended Complaint fails to state a cause of action against the DOT. In addition, both Defendants request that this Court abstain from hearing the Amended Complaint on the basis of judicial economy. In the alternative, they seek a stay pending the outcome of a decision by the U.S. Supreme Court, currently pending before that Court in the case of *Raygor v. Regents of the University of Minnesota, cert. accepted,* 532 U.S. 1065, 121 S.Ct. 2214, 150 L.Ed.2d 208 (2001). This decision was subsequently decided by the Supreme Court on February 27, 2002. *See Raygor,* 534 U.S. 533, 122 S.Ct. 999, 152 L.Ed.2d 27 (2002).

The Debtor does not seek, in this Adversary Proceeding, any monetary relief against the State of Florida, the DOT Secretary, or the DOT. Instead, the Debtor seeks an injunction against both the DOT and the DOT Secretary from effectuating a permanent forfeiture, i.e., a non-payment of the balance claimed to be due as the final payment with respect to the Project. The Debtor also seeks declaratory relief that the Statute of Limitations imposed by *Florida Statutes* § 337.19 was tolled pursuant to 11 U.S.C. § 108(a)(2).

In response, the DOT Secretary and DOT argue that this Court lacks jurisdiction over the State of Florida on duel grounds: (1) the Eleventh Amendment and (2) sovereign immunity theories, as espoused by the Supreme Court in *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996) and its progeny, *Kimel v. Florida Bd. of Regents,* 528 U.S. 62, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000); *Alden v. Maine,* 527 U.S. 706, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999). And, the DOT and DOT Secretary argue that the Amended Complaint fails to state a cause of action.

This Court, having considered argument of counsel and the extensive legal memoranda in support and in opposition of the Motion to Dismiss by both Defendants, now finds and concludes as follows:

■ Considering the Motion under consideration as it relates to the claims of the Debtor in Counts I and II, this Court is satisfied that these claims, as pled, do not state a claim for which relief can be granted. First, it is unclear from the pleading which of the subclauses of 11 U.S.C. § 362 the DOT was supposed to have violated or

threatened to violate the automatic stay. Apparently, the Debtor intends to sue the DOT to recover the final contract balance it claims it is entitled to under certain contract it had with the DOT, and it is apprehensive that the DOT will raise the defense that the claim is time barred. The perceived apprehension is far short to an allegation of immediate and irreparable harm which is an essential element for a viable claim for injunctive relief pursuant to Federal Rule of Civil Procedure 65(b), as adopted by Federal Rule of Bankruptcy Procedure 7065(b) interpreting the Rule. *See In re Duplitronics, Inc.,* 183 B.R. 1010 (Bankr.N.D.Ill.1995)(factors to consider in determining whether to issue a temporary restraining order include (i) some likelihood of prevailing on the merits; (ii) inadequate remedy at law and irreparable harm if order not granted; (iii) balance of harms between movant and nonmoving party if relief is granted or denied; and (iv) potential harm to public interest). *See also Erickson v. Trinity Theatre, Inc.,* 13 F.3d 1061, 1067 (7th Cir.1994); *Abbott Laboratories v. Mead Johnson & Co.,* 971 F.2d 6, 11–12 (7th Cir.1992). It is difficult to comprehend how one can violate 11 U.S.C. § 108(a)(2). This Section of the Code does not prohibit anything. It merely provides for the extension of the applicable statute of limitation under non-bankruptcy law when the statute of limitation has yet to expire at the time the bankruptcy case has commenced.

Concerning the claim set forth in Count II of the Amended Complaint entitled "Enjoin Violation of Federal Bankruptcy Law" (sic), the allegations in this Count are the same as those discussed above, but the relief is sought against the DOT Secretary. Thus, for the reasons discussed above, with respect to the defects of the claim asserted in connection with Count I, the same are equally applicable to the claim in this Count. In sum, this Court is satisfied that the Motion to Dismiss these two counts (Counts I and II) should be granted, albeit not for the grounds urged by the Defendants but for the Debtor's failure to state a claim for which relief could be granted.

■ Ordinarily, in light of the foregoing, it would be unnecessary to discuss the availability *vel non* of the defense of sovereign immunity asserted by both Defendants. However, in light of the fact that the dismissal of these counts is without prejudice, and the Debtor may re-plead a viable claim in Counts I and II, for this reason, this Court is satisfied that it is appropriate to consider the viability of the defense of sovereign immunity based on *Seminole Tribe* and the Eleventh Amendment.

Since the Supreme Court's decision in *Seminole Tribe, supra,* States have argued that the federal bankruptcy courts have no jurisdiction over States and state claims. With varying degrees of success, States have raised sovereign immunity defenses to the jurisdiction of the bankruptcy courts determinations of dischargeability of claims of the States; recovery of improper transfers to a state, injunctive relief orders restoring a debtor's state rights; and claimed violations by the sovereign of the automatic stay, primarily by the IRS.

In *Seminole Tribe,* the Supreme Court, in dictum, stated that "Article I cannot be used to circumvent the constitutional limitations placed upon federal jurisdiction." 517 U.S. at 72, 116 S.Ct. 1114. Many courts have used this sentence to imply that no Article I power can override sovereign immunity. After *Seminole Tribe,* the Supreme Court continued to restate that Congress cannot abrogate state sovereignty based on the specific Article I powers invoked in those cases. *In re Hood,* 262 B.R. 412, 426 (6th Cir. BAP 2001) *citing*

*Board of Trustees of the Univ. of Ala. v. Garrett,* 531 U.S. 356, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001); *Kimel v. Florida Bd. of Regents, supra; Alden v. Maine, supra; Florida Prepaid Postsecondary Educ. Exp. Bd. v. College Sav. Bank (II),* 527 U.S. 627, 119 S.Ct. 2199, 144 L.Ed.2d 575 (1999)(parenthetical indications omitted). However, the majority opinion twice acknowledged that States enjoy immunity except where there is a "surrender of this immunity in the plan of the convention." *Seminole Tribe,* 517 U.S. at 68 & n. 13, 116 S.Ct. 1114. Again, in *Alden,* the Supreme Court recognized that state sovereign immunity is not available to States "where there has been 'a surrender of this immunity in the plan of the convention.' " 527 U.S. at 716, 119 S.Ct. 2240 (*quoting* The Federalist, No. 81).

States also rely upon the Eleventh Amendment as authority for the sovereign immunity defense. The Eleventh Amendment provides that "the judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Eleventh Amendment was patterned after Justice Iredell's dissent in *Chisholm v. Georgia,* 2 U.S. 419, 2 Dall. 419, 1 L.Ed. 440 (1793), after the Supreme Court held that the Constitution permitted a citizen of one state to sue another state in federal court. As articulated by the Supreme Court, the Eleventh Amendment does not confer state sovereign immunity, but merely restored it to the extent retained by the States under the original Constitution. *Alden,* 527 U.S. at 727, 119 S.Ct. 2240 ("The Court has been consistent in interpreting the adoption of the Eleventh Amendment as conclusive evidence ... that the view expressed by ... Justice Iredell in his dissenting opinion in Chisholm reflect[s] the original understanding of the Constitution."). The Eleventh Amendment does provide limitations upon the courts. *See In re NVR, LP,* 189 F.3d 442 (4th Cir.1999)(holding that the Eleventh Amendment does bar any proceeding aimed at an affirmative recovery of funds from a state).

This Court is satisfied that the defense of sovereign immunity is not available to either the DOT or DOT Secretary or the Eleventh Amendment protection for the following reasons. First, the claims asserted by the Debtor against the Defendants are not a suit to collect money from the State nor does it involve state law, which requires the construction of this Court of state law. It is clear that what the relief really sought by the Debtor is nothing more and nothing less than a declaration of this Court that 11 U.S.C. § 108(a)(2) did extend the applicable statute of limitations period as set forth in *Florida Statutes* § 337.19.

■ Even assuming without conceding that a suit filed in this Court by the Debtor indirectly implicates a State's sovereign immunity, the underlying transaction is based on an express contract the Debtor had with the DOT. It is well established that the defense of sovereign immunity does not protect a state agency from an action arising out of a breach of an express or implied covenant or condition of an express written contract entered into with statutory authority. *Champagne–Webber, Inc. v. City of Ft. Lauderdale,* 519 So.2d 696 (Fla. 4th DCA 1988). *See also Pan–Am Tobacco Corp. v. Department of Corrections,* 471 So.2d 4 (Fla.1984)(Department of Corrections could not invoke its sovereign immunity as a bar to an action on breach of contract defense).

■ This leaves for consideration the Motion to Dismiss as it relates to the claim set forth in Count III of the Amended

Complaint. In this Count, the Debtor seeks declaratory relief in order to obtain a determination by this Court that 11 U.S.C. § 108(a)(2) did toll the running of the statute of limitations when the Debtor filed its Petition for Relief under Chapter 11, thus the defense of the statute would not bar any suit yet to be filed by the Debtor to collect the final balance allegedly due on its contract with the DOT.

What is involved here is a suit to obtain a determination by this Court of the extent and the scope of 11 U.S.C. § 108(a)(2), a specific provision of the Bankruptcy Code. There are sufficient allegations in this Count to establish that there is a case or controversy which involves the interpretation of federal law, a matter which is clearly within the competence and jurisdiction of this Court. The resolution of this issue is obviously an integral part of a contract dispute with an agency of the State of Florida and its Secretary. It would be clearly inappropriate to have this issue be resolved in a non-bankruptcy forum. This Court is satisfied that, in this narrow context, the defense of sovereign immunity is insufficient to warrant the dismissal of the claim in Count III.

■ One last comment, both Defendants also seek, in the alternative, an abstention by this Court of the claims set forth in the three counts of the Amended Complaint. The Motion does not spell out the basis for this relief. However, it is evident that neither 28 U.S.C. § 1334(c)(1) nor (c)(2) are applicable simply because the Adversary Proceeding pending before this Court is not a civil proceeding based on *state law,* but based on 11 U.S.C. § 108(a)(2) (emphasis added). Concerning the contention that it is appropriate to abstain for the sake of judicial economy, this Court is equally satisfied that there is no basis which would warrant an abstention.

■ Finally, the Defendants request a stay of this case pending the resolution of *Raygor.* In *Raygor,* the U.S. Supreme Court affirmed the Minnesota State Supreme Court's decision that held unconstitutional 28 U.S.C. § 1367(d), which tolls the limitations period for supplemental claims while they are pending in federal court and thirty days after they are dismissed, when applied to claims against nonconsenting state defendants. *Raygor* is distinguishable from the instant case inasmuch as 28 U.S.C. § 1367 is the federal supplemental jurisdiction statute, which allows state law claims to be heard in federal court as supplemental claims. Section 108 of the Code is afforded to debtors who file Petitions for Relief under Chapter 7, 13, or 11. It does not toll the limitations period for supplemental claims, federal or otherwise, while they are pending in federal court, it tolls the limitations period for all causes of actions not yet filed. Moreover, as this Court has determined that the DOT and DOT Secretary cannot use the defense of sovereign immunity as to Count III, *Raygor* is nondispositive to the case at hand.

Based on the foregoing, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion to Dismiss be, and the same is hereby, granted as to Counts I and II of the Amended Complaint without prejudice and all claims asserted against the DOT are dismissed. It is further

ORDERED, ADJUDGED AND DE-CREED that the Motion to Dismiss or abstain the claim in Count III be, and the same is hereby, denied. The DOT Secretary shall file an answer to Count III of the Amended Complaint within 20 days from the date of the entry of this Order. It is further

ORDERED, ADJUDGED AND DE-CREED that if an answer is filed, the

matter shall be scheduled forthwith for a pre-trial conference. It is further

ORDERED, ADJUDGED AND DE-CREED that in the event the DOT Secretary fails to file an answer to the claim set forth in Count III of the Amended Complaint within the time fixed by this Court, the Debtor may proceed to seek the entry of default and a judgment by default against the DOT Secretary.