824 So.2d 283 (2002)
Paul LETO, Richard Meyer, and Bertha Anderes, Appellants,
v.
STATE OF FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION, Appellee.
No. 4D01-4933.
District Court of Appeal of Florida, Fourth District.
August 21, 2002.
Geoffrey B. Dobson, St. Augustine, for appellants.
L. Kathryn Funchess, Tallahassee, for appellee.
POLEN, C.J.
Appellants Paul Leto, Richard Meyer and Berta Anderes timely appeal a final judgment entered in their inverse condemnation action against the Florida Department of Environmental Protection ("DEP"), finding their respective properties had not been "taken" vis-a-vis DEP's denial of their joint application to develop their adjacent lots. We concur with the finding of the lower court no "taking" had occurred, and thus affirm.
Peter Leto purchased two adjacent oceanfront lots on Hollywood Central Beach in 1968. The lots were located on a sandy beach with no dune structure, bordered by the Atlantic Ocean on the east and a street, Surf Road, to the west. Each lot measured 40 feet (along the ocean) by 80 feet (ocean to street). Both lots were platted for single-family dwellings. At no time did he develop the land. However, sometime around September of 1992 he transferred his interest in one of the lots, Lot 19, to his son, appellant Paul. Then, in March of 1993, Peter sold the *284 adjacent lot, Lot 20, to appellants Meyer and Anderes.
Later that year, Paul Leto and Meyer/Anderes initiated preliminary actions towards developing their lots. They hired an engineer, an architect, and a surveyor, to draw up construction plans. They then filed an application with the City of Hollywood for a zoning variance which was initially denied but ultimately granted, future development conditioned upon approval by the State. November of 1993, appellants filed a joint application with the DEP for a construction permit, which was required since the lots were located seaward of the Broward County Coastal Construction Control Line ("CCCL"). See §§ 161.053(1)(a),(5), Fla. Stat. (1992); Fla. Admin. Code R. 62B-26.013. The application sought permission to construct "two (2) `single family attached dwelling units' (3 stories high) on two (2) adjacent vacant lots (Lots # 19 & # 20-each under separate ownership)." July 13, 1994, DEP entered a formal order denying the application. Appellants then filed a petition seeking administrative review of DEP's permit denial.
An administrative hearing was subsequently held, whereby the hearing officer affirmed DEP's denial of the application. Specifically, the officer found (1) both lots were located seaward of the seasonal high water line, and (2) appellants' application sought permission to build a "duplex," not "two single family attached dwellings" as classified by appellants. See § 161.053(6)(a)(2), Fla. Stat. (1994). As such, the application was defective for failure to comply with section 161.053, Florida Statutes, and Fla. Admin. Code R. 62B33.005 and 62B-33.007. See §§ 161.053(6)(b),(c), Fla. Stat. (1994)(only residential structures allowed seaward of seasonal high water line are "single-family dwelling[s]"). The hearing officer also found the structure's proposed foundation and sustaining wall were inadequate to weather coastal processes and the structure, as designed, failed to adequately protect local marine turtles. No appeal was taken from the hearing officer's findings and legal conclusions, which constituted final agency action under section 120.68, Florida Statutes (1994).
Instead, appellants instituted an inverse condemnation action in circuit court, alleging DEP's denial of their joint application constituted a "taking" of their property. The matter was heard before Judge J. Leonard Fleet in June of 2000. In his final judgment, rendered November 11, 2001, Judge Fleet found appellants had sought permission to build a "duplex," an inherently non-permissible use of their respective lots. Furthermore, he held appellants had failed to establish a "taking" had occurred, where future, albeit less-ambitious, development possibilities had not yet been foreclosed.
As their first point on appeal, appellants contend the final judgment, entered more than eighteen (18) months after the conclusion of the bench trial, should be reversed due to this inordinate passage of time. Though an excessive delay in the rendition of judgment may constitute grounds for reversal, such delay is not per se reversible error. This court has refused to reverse a final judgment on grounds of delay where the lower court's factual findings are supported by the record and there is no conflict or inconsistency between pronouncements at the time of trial and the written final judgment. See Knipe v. Knipe, 731 So.2d 161 (Fla. 4th DCA 1999). Such is the case here. After reading Judge Fleet's highly-detailed and factually intensive final judgment, there is no question in this court's collective conscience that he had not "forgotten" or "confused" any of the issues or facts presented *285 at trial. Moreover, we note substantial record activity occurred, including hearings in front of Judge Fleet as late August of 2001, during the eighteen month period between trial and rendition of the final judgment. Appellants' prayer for reversal on this ground is denied.
Turning to the merits of the final judgment, we find its ultimate holdings supported by the law, and thus affirm. First and foremost, we find the lower court's holding appellants had sought permission to build a statutorily non-permissible "duplex" supported by the record. At no time did appellants ever seek permission to build another structure, or even propose any modifications or alterations to the aforementioned structure. All along they have sought DEP approval of a single structure; permission to build that structure, and that structure only, was denied. As Judge Fleet found, future development proposals of more appropriate structures has not yet been foreclosed. We find, at this time, appellants have clearly failed to establish they have been denied of "all economically viable use" of their respective property.[1]See Lucas v. South Carolina Coastal Council, 505 U.S. 1003, 112 S.Ct. 2886, 120 L.Ed.2d 798 (1992). As alluded to above, appellants could possibly build otherwise appropriate (e.g., with a more structurally sound foundation) "single family dwellings" on their lots-no application for such was ever filed. See City of Pompano Beach v. Yardarm Restaurant, Inc., 641 So.2d 1377 (Fla. 4th DCA 1994)(finding no taking in City's denial of a single application to build a substantial structure on the subject land where alternative uses of the land had not yet been foreclosed); cf. Palazzolo v. Rhode Island, 533 U.S. 606, 121 S.Ct. 2448, 150 L.Ed.2d 592 (2001)(finding claimant's land had been taken where claimant had established all attempts to obtain a fill permit needed to develop his wetlands would be futile; claimant's two proposals, of differing scale, had both been rejected for failure to serve a "compelling public purpose" as required under controlling statutory scheme and it was clear no fill permit would ever be issued for an ordinary use).
Additionally we find appellants' reasonable investment-backed expectations were not interfered with to a degree requiring governmental compensation. See Penn Central Transportation Co. v. City of New York, 438 U.S. 104, 98 S.Ct. 2646, 57 L.Ed.2d 631 (1978). Appellants have not been foreclosed from constructing (otherwise appropriate) single family residences, consistent with their reasonable expectations as reflected in the record. We have considered appellants' additional arguments which we find unpersuasive. The final judgment of the lower court is thus affirmed.
AFFIRMED.
STONE, J., and DAVIDSON, LISA, Associate Judge, concur.
NOTES
[1] Relying on testimony of DEP program administrator Gene Chalecki, to the effect no construction would be allowed seaward of the landwardmost thirty (30) feet of their respective lots, appellants argue at the least the remaining seaward fifty (50) feet were categorically taken. Though theoretically intriguing, this issue, referred to in takings jurisprudence as the "denominator problem," was never raised below, and is hence not preserved for appellate review. See Lucas, 505 U.S. at 1016 n. 7, 112 S.Ct. 2886.; Palazzolo, 533 U.S. at 631-2, 121 S.Ct. 2448.