# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2022-2994
LT Case No. 2021-31200-CICI
_____

HALIFAX HOSPITAL MEDICAL
CENTER,

    Appellant,

    v.

GLOBAL TRAUMA SYSTEMS, INC.,

    Appellee.

_____


On appeal from the Circuit Court for Volusia County.
Mary G. Jolley, Judge.

Darren J. Elkind, and Aeriel A. McCann, of Paul, Elkind, Branz
& Paul, LLP, DeLand, for Appellant.

Jack Scarola, of Searcy Denney Scarola Barnhart & Shipley, P.A.,
West Palm Beach, and Daniel R. Hoffman, and David J. Sales, of
David J. Sales, P.A., Sarasota, for Appellee.

June 7, 2024

EISNAUGLE, J.

    Halifax Hospital Medical Center ("Halifax"), a special taxing
district, appeals the denial of its motion to dismiss on sovereign
immunity grounds. We have jurisdiction, *see* Fla. R. App. P.
9.130(a)(3)(F)(iii) (authorizing appellate review of nonfinal orders

which "deny a motion that . . . asserts entitlement to sovereign immunity"), and reverse.

Global Trauma Systems, Inc. ("Global") and Halifax entered into two written contracts titled "Trauma Program Services Agreement," wherein Global essentially agreed to staff the trauma program at Halifax in exchange for a daily fee.[1]

A dispute arose between the parties, and Global filed suit alleging breach of the written agreements. Specifically, in its amended complaint, Global alleged, among other things, that Halifax failed to honor "the exclusivity provisions of the contract" to perform "acute care surgeries." Further, Global alleged that Halifax breached the agreements by "precluding [Global] from receiving private surgical critical care consults." The allegations in the amended complaint are framed quite broadly, and include claims to perform the identified procedures and consults even outside of the trauma program.

Halifax responded with its motion to dismiss, arguing that it was immune from Global's claims[2] because there is no express written contract between the parties entitling Global to perform acute care surgeries or private surgical critical care consults outside of the trauma program. The trial court denied the motion.

**Standard of Review**

"A motion to dismiss is designed to test the legal sufficiency of the complaint, not to determine factual issues, and the allegations of the complaint must be taken as true and all reasonable inferences therefrom construed in favor of the nonmoving party." *City of Miami v. Cruz*, 342 So. 3d 741, 743 (Fla. 3d DCA 2022) (quoting *Fla. Bar v. Greene*, 926 So. 2d 1195, 1199 (Fla. 2006)).

---

[1] Global does not allege that Halifax failed to pay the appropriate daily fee.

[2] The parties agree that Halifax is a special taxing district and entitled to sovereign immunity absent waiver.

2

Our standard of review is de novo. *DeSantis v. Geffin*, 284 So. 3d 599, 602 (Fla. 1st DCA 2019).

## Sovereign Immunity and Breach of Contract

"In Florida, sovereign immunity is the rule, rather than the exception . . . ." *Pan-Am Tobacco Corp. v. Dep't of Corr.*, 471 So. 2d 4, 5 (Fla. 1984) (citing Art. X, § 13, Fla. Const.). Although the legislature has not expressly waived sovereign immunity for contract claims, there is an implied waiver "where the state has entered into a contract fairly authorized by the powers granted by general law, the defense of sovereign immunity will not protect the state from action arising from the state's breach of that contract." *Id.* Even still, the waiver applies "only to suits on express, written contracts into which the state agency has statutory authority to enter."[3] *Id.* at 6; *see also Cruz*, 342 So. 3d at 743; *S. Roadbuilders, Inc. v. Lee Cnty.*, 495 So. 2d 189, 190 (Fla. 2d DCA 1986) ("The additional costs claimed by appellant were neither addressed in the original contract nor in any subsequent legally operative instrument.").

Therefore, to determine whether Halifax has waived its entitlement to sovereign immunity, we must consult the written agreements between the parties. When doing so, we employ the "fair reading" method of interpretation. Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 33 (2012). "Under the whole-text canon, proper interpretation requires consideration of 'the entire text, in view of its structure and of the physical and logical relation of its many parts.'" *Allstate Ins. Co. v. Revival Chiropractic, LLC*, 49 Fla. L. Weekly S113, S115 (Fla. Apr. 25, 2024) (citation omitted); *see also EcoVirux, LLC v. BioPledge, LLC*, 357 So. 3d 182, 186 (Fla. 3d DCA 2022). In other words, as with any legal text, "[t]he words . . . are of paramount concern, and what they convey, in their context, is what the text means." Scalia & Garner, *Reading Law* at 56.

---

[3] The parties do not dispute that Halifax had authority to enter into the agreements.

Having reviewed the entirety of the agreements at issue, we find no contract provision that gives Global an exclusive right to perform acute care surgeries or private surgical critical care consults outside of the trauma program. Indeed, when viewed in context, the agreements pertain to the trauma program at Halifax. Thus, when the agreements refer to specific items like acute care surgeries, a fair reading of the agreements is that they mean acute care surgeries within the trauma program.

Because we find no express written contract provision entitling Global to perform acute care surgeries or critical care consults outside of the trauma program, we conclude that Halifax has not waived its entitlement to sovereign immunity from any such claim. We therefore reverse the trial court's order denying Halifax's motion to dismiss to the extent that the amended complaint alleges a breach of the agreements based on patients or procedures outside of the trauma program.

REVERSED and REMANDED.

WALLIS and SOUD, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

4