471 So.2d 4 (1984)
PAN-AM TOBACCO CORPORATION, d/b/a Pan-Am Vend-Tronics, Petitioner,
v.
DEPARTMENT OF CORRECTIONS, Respondent.
No. 63215.
Supreme Court of Florida.
March 1, 1984.
Rehearing Denied July 9, 1985.
Steven L. Schwarzberg of Smith & Mandler, Miami Beach, for petitioner.
Jim Smith, Atty. Gen. and James A. Peters and Walter M. Meginniss, Asst. Attys. Gen., Tallahassee, for respondent.
Parker D. Thomson of Thomson, Zeder, Bohrer, Werth, Adorno & Razook, Miami, for Air Conditioning, Refrigeration, Heating and Piping Ass'n, Inc., amicus curiae.
EHRLICH, Justice.
This cause is before the Court on a question certified to be of great public importance. Pan-Am Tobacco Corp. v. State of Florida, Department of Corrections, 425 So.2d 1167 (Fla. 1st DCA 1983). We have jurisdiction.
Pan-Am Tobacco Corp. entered into a written contract with the Department of Corrections. Pan-Am was to provide vending machines in six correctional facilities. The contract provided that Department of Corrections could cancel the contract for unsatisfactory performance by Pan-Am if it gave Pan-Am sixty days' written notice and thirty days within which to correct any deficiencies. Additionally, the contract provided *5 for liquidated damages. Department of Corrections canceled the contract on thirty days' written notice, specifying no deficiencies in Pan-Am's performance and giving no time within which to correct any deficiencies. Pan-Am brought suit on the contract and sought partial summary judgment on the issue of liability. Pan-Am's motion for partial summary judgment was denied, and Department of Corrections counter-moved for summary judgment asserting sovereign immunity as an affirmative defense. This motion for summary judgment was granted. Pan-Am appealed and the First District Court of Appeal affirmed but certified as a matter of great public importance the following question:
WHEN A STATE AGENCY IMPROPERLY RESCINDS AN EXPRESS EXECUTORY CONTRACT WITH A PRIVATE VENDOR WHO SUFFERS A LOSS OF PROFIT AS A CONSEQUENCE, MAY THE STATE INVOKE SOVEREIGN IMMUNITY AS A BAR TO AN ACTION ON THE BREACH OF CONTRACT?
425 So.2d at 1172. We answer the question in the negative and quash the decision of the district court, remanding the cause to the trial court for further proceedings.
In Florida, sovereign immunity is the rule, rather than the exception, as evidenced by article X, section 13 of the Florida Constitution: "Provision may be made by general law for bringing suit against the state as to all liabilities now existing or hereafter originating."
In section 768.28, Florida Statutes (1981), the legislature has explicitly waived sovereign immunity in tort. There is no analogous waiver in contract. Nonetheless, the legislature has, by general law, explicitly empowered various state agencies to enter into contracts. See e.g., §§ 23.017, 153.62(11), 163.370, 230.22(4), 337.19(1), Fla. Stat. (1981). Additionally, it has authorized certain goals and activities which can only be achieved if state agencies have the power to contract for necessary goods and services. See e.g., §§ 20.315, 945.215, Fla. Stat. (1981).
It is basic hornbook law that a contract which is not mutually enforceable is an illusory contract. Howard Cole & Co. v. Williams, 157 Fla. 851, 27 So.2d 352 (1946). Where one party retains to itself the option of fulfilling or declining to fulfill its obligations under the contract, there is no valid contract and neither side may be bound. Miami Coca-Cola Bottling Co. v. Orange-Crush Co., 291 F. 102 (D.Fla. 1923), affirmed, 296 F. 693 (5th Cir.1924).
Respondent contends that the requirement of mutuality of remedy is satisfied by petitioner's opportunity to bring a claims bill before the legislature. This Court has recently held that subjecting oneself to the possibility of suit in a court of law is not sufficient obligation to support a contract. Stack v. Dunn, 444 So.2d 935 (Fla. 1984). We cannot now, in good conscience, hold that the chance to seek an act of grace from the legislature is sufficient remedy to create mutuality.
Where the legislature has, by general law, authorized entities of the state to enter into contract or to undertake those activities which, as a matter of practicality, require entering into contract, the legislature has clearly intended that such contracts be valid and binding on both parties. As a matter of law, the state must be obligated to the private citizen or the legislative authorization for such action is void and meaningless. We therefore hold that where the state has entered into a contract fairly authorized by the powers granted by general law, the defense of sovereign immunity will not protect the state from action arising from the state's breach of that contract.
We recognize that in so holding we recede from a line of cases holding that the state may not be sued in contract without express consent to the suit. See, e.g., Gay v. Southern Builders, Inc., 66 So.2d 499 (Fla. 1953), Bloxham v. Florida Central and Peninsular Railroad, 35 Fla. 625, 17 So. 902 (1895). Nonetheless, we note that this is not the first time this Court has looked to the legislative intent in general *6 law to find a sovereign amenable to suit. Manatee County v. Town of Longboat Key, 365 So.2d 143 (Fla. 1978) (where the legislature clearly intended the county to participate in resolution of taxation dispute and the county ignored its statutory duty, courts had jurisdiction to fashion a remedy in equity).
We would also emphasize that our holding here is applicable only to suits on express, written contracts into which the state agency has statutory authority to enter. Accordingly, the decision of the district court is quashed and this cause is remanded for further proceedings.
It is so ordered.
ALDERMAN, C.J., and BOYD, OVERTON and McDONALD, JJ., concur.