Mr. Richard L. Dugger Secretary Department of Corrections 1311 Winewood Boulevard Tallahassee, Florida 32399-2500
Dear Secretary Dugger:
You ask substantially the following questions:
1. May the Department of Corrections by contract agree to release a private company from liability and to indemnify and to hold the company harmless from any damage, loss, or injury caused by the department, its employees or agents? 2. May the Department of Corrections by contract agree to release a private company from liability and to indemnify and to hold the company harmless from any damage, loss, or injury caused by sole or joint negligence of the private company, its employees or agents?
In sum, I am of the opinion that:
1. The sovereign immunity of the state in tort has been waived to the extent provided in s. 768.28, F.S., and the Department of Corrections is not authorized to alter by contract the state's waiver of immunity in tort. 2. The Department is not authorized to agree by contract to release a private company from liability and to indemnify and hold the company harmless from any damage, loss, or injury caused by the sole or joint negligence of the private company, its employees or agents.
Question One
According to your letter, the Department of Corrections (department) is considering entering into several agreements with a railroad company. One agreement contains the following provision:
In consideration for the granting of the rights in this Agreement and in recognition of the exposure to hazard of the operation of the Railway by reason of the construction, maintenance use of the property of the Railway, the Licensee [the department] does to the extent permitted by Section 768.28, Florida Statutes, hereby release and agree to indemnify and save Railway harmless from and against all liabilities, claims, costs and expenses for loss or damage to the property of either party hereto or of third persons and for injuries to or deaths of Licensee, or the agents, employees or invitees of Licensee or third persons or the employees of Railway caused by or arising out of the negligence of the Licensee, its agents, servants and employees in exercising the privileges granted by this Agreement.
You inquire about the department's authority to enter into such an indemnification and hold harmless agreement.
Section 13, Art. X, State Const., provides that "[p]rovision may be made by general law for bringing suit against the state as to all liabilities now existing or hereafter originating." (e.s.) Thus, the power to waive the state's immunity rests exclusively with the Legislature.[1]
Section 768.28, F.S., constitutes such a waiver of the state's sovereign immunity in tort. Under its terms:
Actions at law against the state or any of its agencies . . . to recover damages in tort for money damages against the state or its agencies . . . for injury or loss of property, personal injury, or death caused by the negligent or wrongful act or omission of any employee of the agency . . . while acting within the scope of his office or employment under circumstances in which the state or such agency . . . if a private person, would be liable to the claimant, in accordance with the general laws of this state, may be prosecuted subject to the limitations specified in this act. . . .[2]
While there is no analogous statutory waiver of sovereign immunity in contract, The Supreme Court of Florida has stated that where the Legislature has by general law authorized the state and its agencies to enter into contracts, it has, in effect, waived the state's immunity in contract.[3] As stated by the Court, however, the waiver of the state's immunity in contract "is applicable only to suits on express, written contracts into which the state agency has statutory authority to enter."[4]
This office, in considering whether public agencies may enter into indemnification or hold harmless agreements with private entities, has previously stated that in the absence of statutory authorization, such agreements are impermissible.[5] In AGO 80-77, this office concluded that in the absence of a statute, the Governor was not authorized to waive the sovereign immunity of the state by agreeing that the state would waive certain defenses and would hold the United States harmless from any violations of the regulations prescribed by the United States Department of Interior that the state or its employees may commit.
The waiver of the state's immunity in tort has already been accomplished by s. 768.28, F.S. I am not aware of any statutory provision which authorizes the department to alter the terms of s.768.28, F.S., by contract. While the courts have recognized that a legislative grant of the power to contract constitutes a waiver of the state's sovereign immunity to be sued in contract, I am not aware of any decision concluding that such authority encompasses the power to waive the state's sovereign immunity in tort beyond that which is already provided in s. 768.28, F.S.
Accordingly, I am of the opinion that the sovereign immunity of the state in tort has been waived to the extent provided in s.768.28, F.S., and the Department of Corrections is not authorized to alter by contract the state's waiver of immunity in tort.[6]
Question Two
In another agreement under consideration by the department, provision is made for the indemnification of the railroad for injuries or damages whether or not caused by the sole or joint negligence of the railroad.[7]
As stated in Question One, this office, in considering whether public agencies may enter into indemnification or hold harmless agreements with private entities, has previously concluded that in the absence of statutory authorization, such agreements are impermissible. For example, in AGO 85-66, this office concluded that the Department of General Services was not authorized to enter into a limitation of remedies agreement whereby an independent contractor's liability for damages was limited.
More recently, this office in AGO 89-61 stated that while a state agency had been statutorily authorized to indemnify an asbestos consultant for civil damages to third parties under the conditions specified in the statute, the agency had not been authorized to indemnify or limit the liability of an architect or engineer who was not under contract to the state agency as an asbestos consultant. Accordingly, the agency was not authorized to indemnify or limit the liability of such architects or engineers.
I am not aware of any statutory provision authorizing the department to indemnify or limit the liability of the railroad company for damages or injuries caused by the negligence of the railroad company, nor have you directed my attention to any such provision.[8] As an administrative agency, the department possesses only such authority as has been expressly granted or may be necessarily implied from an express grant of power.[9]
Accordingly, I am of the opinion that, in the absence of legislative authorization, the Department of Corrections is not authorized to agree by contract to indemnify and hold the private company harmless from liability for any damages, loss, or injuries caused by the sole or joint negligence of the private company, its employees or agents.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, e.g., Davis v. Watson, 318 So.2d 169 (4 D.C.A. Fla., 1975), cert. denied, 330 So.2d 16 (Fla. 1976).
[2] Section 768.28(1), F.S.
[3] Pan-Am Tobacco Corporation v. Department of Corrections,471 So.2d 4 (Fla. 1984).
[4] 471 So.2d at 6.
[5] See, AGO 78-20 (in the absence of a general law authorizing or directing such contracts be made, a state agency was not authorized to enter into an indemnification contract imposing liability upon the state). Cf., AGO 84-103 (municipality prohibited from agreeing to indemnify a private for profit corporation for financial losses which might be suffered over the term of the agreement in the provision of emergency medical services to the inhabitants of a three county area).
[6] I note that the indemnification agreement states that the department shall, to the extent permitted by s. 768.28, F.S., release and indemnify the railroad for any damage, loss or injury caused by the negligence of the department or its employees, agents or servants. While it might be argued that the provision merely recognizes the waiver of sovereign immunity in tort contained in s. 768.28, F.S., the language of the provision does not track the language of that statute. I cannot, therefore, conclude that the provision does not seek to expand the liability of the state beyond that currently provided in s. 768.28, F.S.
[7] Proposed Lease Agreement, File: 61-45 provides in part: 8. To the extent allowed by law, and subject to the limitations of Florida State Statutes 768.28, [the Department of Corrections agrees] to indemnify, save and hold harmless Railway, its agents, servants and employees from and against all loss, claims, costs, charges, expense, suits, damage and judgments, which they may suffer, sustain or in anywise be subjected to, or for which it may be held liable on account of the death, personal injuries, damage or loss to any person or persons, including employees, agents and officers of Railway and of Lessee, directly or indirectly arising out of or on account of the leasing to or use of the property by Lessee; whether due or claimed to be due by the joint negligence of Railway, its employees, agents or servants, or otherwise. 9. To the extent allowed by law and subject to the limitations of Florida Statutes 768.28, [the Department of Corrections agrees] to indemnify, save and hold harmless Railway, its agents, servants and employees from and against all loss, claims, costs, charges, expense, suits, damage and judgments, which they may suffer, sustain or in anywise be subjected to, or for which it may be held liable on account of any loss or damage caused in any manner to any of Lessee's buildings, structures, works and any personal property whatsoever of Lessee, situated, placed, kept or stored on, in or near the property or premises hereby leased, as well as on account of loss or damage to any personal property whatsoever, not owned by Lessee, whether owned by Railway or by others, arising directly or indirectly out of or on account of the leasing to or use by Lessee of the property hereby leased; whether due or claimed to be due by the joint negligence of Railway, its employees, agents or servants or otherwise.
A letter from the Florida East Coast Railway Company to Secretary Dugger, dated June 7, 1989, contains substantially the same provisions with the exception that the department would indemnify the Railway for damages and losses caused by the sole or the joint negligence of the Railway.
[8] Compare, s. 255.559(1), F.S., authorizing state agencies or political subdivisions to hold harmless and indemnify an asbestos consultant under the conditions set forth therein; and 1987-1988 General Appropriation Act Statement of Intent providing that "[i]t is the intent of the Legislature that, from funds provided in Specific Appropriation 1724, the Department of Transportation, or its designated agent, is authorized to expend funds from a self-insurance retention fund in order to pay any deductible limit established in the insurance policies required under the terms of the CSX and AMTRAK agreements."
[9] See, State ex rel. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628 (1 D.C.A. Fla., 1974), cert. dismissed,300 So.2d 900 (Fla. 1974); Gardinier, Inc. v. Florida Department of Pollution Control, 300 So.2d 75 (1 D.C.A. Fla., 1974) (powers and authority of statutory agency are not inherent but derivative only and are limited to those expressly or by necessary implication granted by statute); State, Department of Environmental Regulation v. Falls Chase Special Taxing District,424 So.2d 787 (1 D.C.A. Fla., 1982), petition for review denied,436 So.2d 98 (Fla. 1983) (administrative agencies may not expand its powers beyond that provided in statutory grant nor amend such provision). And see, 1 Fla.Jr.2d Administrative Law, s. 21 (while administrative agencies may possess implied as well as expressed powers, a power which is not expressed must be reasonably implied for the express terms of the statute, or it must be such as is by fair implication and intendment incident to and included in the authority expressly conferred).