[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 21-10459
Non-Argument Calendar

_____

D.C. Docket No. 4:20-cv-10132-KMM

TROPICAL SOUP CORPORATION,

                                                    Plaintiff-Appellant,

versus

CITY OF KEY WEST, a Florida municipal corporation,
TROPICAL SHELL & GIFTS, INC.,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 31, 2021)

Before JORDAN, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

    Tropical Soup Corporation appeals the district court's dismissal of its 42

U.S.C. § 1983 suit against the City of Key West. Tropical Soup argues that the

district court (1) erred in determining that no contract existed between Tropical Soup and the city for the lease of a parcel of city-owned property, and that Tropical Soup therefore lacked any interest in the property; and (2) erred in failing to address its equal protection claim. After careful consideration, we affirm.

## I. BACKGROUND

Tropical Soup is a Florida corporation with its principal place of business in Key West. In 2010, the city of Key West issued a public notice seeking proposals for the lease, renovation, and operation of two parcels of city-owned land in Mallory Square. The city commission liked Tropical Soup's proposal and authorized the City Manager to begin negotiating the terms of the lease. Over the next ten years, Tropical Soup worked with the city to conform its development plans to the city's specifications. About ten years into the negotiations, the city sent a potential lease agreement to Tropical Soup for review. Before the lease was executed, however, the city's planning board passed a resolution imposing additional conditions on its approval of the project. One of those conditions required Tropical Soup and the city to reach an agreement with another of the city's lessors, Tropical Shell & Gifts, Inc., regarding a disputed parcel that might have been part of a lease to Tropical Shell. A few weeks later, the city commission of Key West passed a resolution directing the City Manager to cease negotiations with Tropical Soup.

2

Tropical Soup sued the city in the United States District Court for the Southern District of Florida. It alleged that the city had deprived it of a property interest without due process of law and violated its constitutional guarantee of equal protection. Tropical Soup sought relief in the form of damages, specific performance, and promissory estoppel. The district court dismissed with prejudice Tropical Soup's complaint for failure to state a claim. Tropical Soup timely appealed.

## II. STANDARD OF REVIEW

We review a district court's dismissal of a complaint for failure to state a claim *de novo* and accept the allegations in the complaint as true, construing them in the light most favorable to the plaintiff. *Henderson v. McMurray*, 987 F.3d 997, 1001 (11th Cir. 2021). A motion to dismiss for failure to state a claim tests whether the plaintiff's factual allegations, taken as true, sufficiently "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). On a motion to dismiss, the plaintiff is entitled to all reasonable inferences in its favor. *Sebastian v. Ortiz*, 918 F.3d 1301, 1307 (11th Cir. 2019). But if the plaintiff's allegations conflict with the attached exhibits, the exhibits control. *See Griffin Industries, Inc. v. Irvin* 496 F.3d 1189, 1206 (11th Cir. 2007).

## III. DISCUSSION

Tropical Soup makes two arguments in support of its claim that the city deprived it of its property rights. First, Tropical Soup argues that it formed a binding contract with the city despite the absence of an executed lease. Second, Tropical Soup argues that the city treated it differently from similarly situated parties when it ended negotiations for the Mallory Square properties. We address each in turn.

First, even viewing Tropical Soup's allegations in a favorable light, its contract argument fails. Tropical Soup concedes that the lease agreement was never executed. It nevertheless contends that a contract existed because the city's proposed terms constituted a formal offer, which it then accepted, forming a binding contract. This argument fails for two reasons. First, Florida law does not recognize oral contracts for leases of land for more than one year. Fla. Stat. Ann. § 725.01. Here, the proposed agreement contained a lease term of ten years. Second, Florida courts do not enforce oral or implied contracts against municipalities because "a municipality waives the protections of sovereign immunity only when it enters into an express contract." *See City of Fort Lauderdale v. Israel*, 178 So.3d 444, 447 (Fla. Dist. Ct. App. 2015). When a contract is not mutually enforceable or "provides no remedy by way of enforcement," it is illusory. *Florida Dep't of Environmental. Prot. v. ContractPoint Florida Parks, LLC*, 986 So. 2d 1260, 1270 (Fla. 2008) (citing *Pan-Am Tobacco Corp. v. Department of Corrections*, 471 So.2d 4, 5 (Fla. 1984)).

4

Because the unexecuted lease agreement is unenforceable against the city, Tropical Soup had no valid contract upon which it could establish a property interest.[1]

Second, Tropical Soup argues that the district court erred in failing to recognize that its class-of-one equal protection claim did not depend on the existence of a property interest. Specifically, Tropical Soup argues (1) that it pleaded sufficient facts to make out an equal protection claim and (2) that if it was required to allege more facts to state a claim, it should have been given leave to do so. We disagree.

The district court did not separately analyze Tropical Soup's class-of-one-equal protection claim. But, because we review a dismissal for failure to state a claim de novo, the district court's silence on Tropical Soup's equal protection claim does not prevent us from reviewing it. *Long v. Commissioner of IRS*, 772 F.3d 670, 675 (11th Cir. 2014). To prevail on a class-of-one equal protection claim, a plaintiff must show (1) that it was treated differently from others who were "similarly situated" and that (2) there was "no rational basis for the difference in treatment." *Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1263–64 (11th Cir. 2010). Plaintiffs face a high bar when alleging facts in support of such claims, as "we are obliged to apply the 'similarly situated' requirement with rigor." *Griffin*, 496 F.3d at 1207. To avoid

---

[1] Tropical Soup argues that even in the absence of a valid contract, it had a constitutionally protected property right in the Mallory Square parcels. But because it raised this issue for the first time in its reply brief, we decline to address it. *See United States v. Chalker*, 966 F.3d 1177, 1195 n.8 (11th Cir. 2020).

dismissal, a class-of-one plaintiff must allege facts sufficient to show that it was "intentionally treated differently from others similarly situated." *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). "A class-of-one plaintiff might fail to state a claim by omitting key factual details in alleging that it is 'similarly situated' to another." *Griffin*, 496 F.3d at 1205. In other words, to satisfy the "similarly situated" element, a plaintiff must allege more than nameless, faceless "others." *Id.*

Tropical Soup alleged that the city treated Tropical Soup differently from "similarly-situated persons or entities whose RFPs were approved and accepted." But Tropical Soup did not name or describe any similarly situated municipal lessors who were treated better than it was treated. Tropical Soup has therefore failed to show that it was treated differently than others who were similarly situated and has failed to state a class-of-one equal protection claim. Tropical Soup now argues that, though it did not move for leave to amend, the district court should have *sua sponte* given it leave to amend its complaint to include the necessary factual allegations. But when a party is represented by counsel, a district court does not abuse its discretion by declining to grant leave to amend *sua sponte*. *Wagner v. Daewoo Heavy Industries America Corp.*, 314 F.3d 541, 542 (11th Cir. 2002). Because Tropical Soup did not allege any facts in support of its assertion that it was treated differently than others who were similarly situated, it failed to state an equal protection claim.

## IV. CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's dismissal of Tropical Soup's complaint.