[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 22-11542

Non-Argument Calendar

————————————————

WING KEI HO,
HO YEH KAREN,

Plaintiffs-Appellants,

*versus*

CITY OF BOYNTON BEACH,

Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:21-cv-81023-DMM

_____

Before NEWSOM, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Wing and Karen Ho, proceeding *pro se*, appeal the district court's dismissal of their amended complaint against the City of Boynton Beach alleging claims under Florida and federal law based on the City's planned demolition of their building. On appeal, the Hos assert the district court erred in dismissing their amended complaint (in part without prejudice and in part with prejudice) for failure to state a claim. They also argue that the district court should not have denied their motion for an extension of time to file a second amended complaint and dismissed the action with prejudice for failure to timely file a second amended complaint. After careful review, we affirm.

I

The Hos first assert that the district court should not have dismissed their amended complaint because, according to them, their complaint was not a shotgun pleading and they have evidence that their property is safe and should not be foreclosed. The Hos challenge the district court's ruling on each of the following claims presented in their amended complaint — (1) discrimination, (2) negligence, (3) unjust enrichment, (4) commercial bad faith, (5) intentional infliction of emotional distress, (6) tortious interference with a business relationship, and (7) request for a preliminary injunction.

We review *de novo* the dismissal of a complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006). We accept factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Id.* Though *pro se* parties are held to a less stringent pleading standard, they still must suggest some factual basis for a claim. *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015).

Rule 8 requires pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While detailed factual allegations are not required, a pleading that offers "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). To survive dismissal under Rule 12(b)(6), a complaint must contain facts that allow the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The two-pronged approach that a court should follow in evaluating the sufficiency of a complaint is as follows: (1) eliminate any allegations in the complaint that are merely legal conclusions, and (2) assume the veracity of the well-pleaded factual allegations and determine whether they plausibly suggest an entitlement to relief. *Id.* at 680–82.

The Civil Rights Act of 1964 prohibits discrimination in various areas such as public accommodations, public education, federally assisted programs, and employment. 42 U.S.C. §§ 2000a,

2000c, 2000d, 2000e.  Likewise, Florida law prohibits discrimination in education, employment, and public accommodations.  Fla. Stat. § 760.07.

The Equal Protection Clause of the Fourteenth Amendment prohibits states from denying people the equal protection of the laws, which means "all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quotation marks omitted).  To state an equal protection claim, a plaintiff must show (1) that he is similarly situated to others who have received more favorable treatment and (2) that the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected interest.  *Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1318–19 (11th Cir. 2006).

The elements of negligence under Florida law are: (1) a duty to the plaintiff, (2) defendant's breach of that duty, (3) legal or proximate cause, and (4) actual damages.  *Wallace v. Dean*, 3 So. 3d 1035, 1046 & n.18 (Fla. 2009).  Florida courts have recognized that a governmental entity's enforcement of laws and protection of public safety, including building inspection and condemnation, do not create a common law duty of care.  *Trianon Park Condominium Ass'n, Inc. v. City of Hialeah*, 468 So. 2d 912, 919–20 (Fla. 1985).

The elements of an unjust enrichment claim under Florida law are: (1) the plaintiff conferred a benefit on the defendant, who has knowledge thereof; (2) the defendant voluntarily retained the

benefit; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit. *Tooltrend, Inc. v. CMT Utensili, SRL*, 198 F.3d 802, 805 (11th Cir. 1999). Unjust enrichment is a form of implied or quasi-contract. *Id.*

"In Florida, sovereign immunity is the rule, rather than the exception." *Pan-Am Tobacco Corp. v. Dep't of Corr.*, 471 So. 2d 4, 5 (Fla. 1984). Florida law waives sovereign immunity for the state and its subdivisions for tort liability but not contractual liability. *Id.* (citing Fla. Stat. § 768.28). The Florida Supreme Court has found that sovereign immunity is not a defense to express contract claims. *Id.* at 4–5. But Florida courts have held that sovereign immunity is a defense to implied contracts. *See City of Fort Lauderdale v. Israel*, 178 So. 3d 444, 447 (Fla. Dist. Ct. App. 2015).

Despite a waiver of tort immunity, Florida law bars municipal liability for acts by its agents "committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." Fla. Stat. § 768.28(9)(a). We have explained that Florida courts have held that claims of intentional infliction of emotional distress are barred under this statute. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1330 (11th Cir. 2015).

The elements of tortious interference with a business relationship are: (1) the existence of a business relationship, (2) knowledge of the relationship on the part of the defendant, (3) an intentional and unjustified interference with the relationship by the defendant, and (4) damage to the plaintiff as a result of the

breach of the relationship. *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812, 814 (Fla. 1994). A contract is not required, but "the alleged business relationship must afford the plaintiff existing or prospective legal or contractual rights." *Id.* The elements for tortious interference with contract are the same, but a contract is required. *See Smith v. Ocean State Bank*, 335 So. 2d 641, 643 (Fla. Dist. Ct. App. 1976).

To obtain a preliminary injunction, plaintiffs must show: (1) they have a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest. *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016). A preliminary injunction is an extraordinary and drastic remedy. *Id.* The movant bears the burden of persuasion. *Id.* An injury is irreparable only if it cannot be undone through monetary remedies. *Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990).

Due process requires notice and the opportunity to be heard before the deprivation of property at the hands of the government. *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003). A procedural due process claim requires a showing of: (1) a constitutionally protected liberty or property interest, (2) state action, and (3) constitutionally inadequate process. *Id.*

Here, the district court did not err in dismissing the Hos' amended complaint in part with prejudice and in part without prejudice for failure to state a claim. *Glover*, 459 F.3d at 1308.

First, the Hos failed to allege sufficient facts to state a claim of discrimination based on federal or state discrimination statutes or the Constitution. Their claims of discrimination do not fall under either the federal or Florida civil rights laws because those statutes only cover discrimination in education, employment, and public accommodations, not based on the deprivation of property. 42 U.S.C. §§ 2000a, 2000c, 2000d, 2000e; Fla. Stat. § 760.07. Their claims of an equal protection violation also fail. Even liberally construed, the Hos did not allege that the other owner whose land the City bought was similarly situated to them simply by stating that land was "compatible." *Sweet*, 467 F.3d at 1318–19; *Jones*, 787 F.3d at 1107. Neither the amended complaint nor the attached exhibits make clear that they are similarly situated landowners. *Sweet*, 467 F.3d at 1318–19; *Griffin Indus.*, 496 F.3d at 1205–06.

Second, the district court properly dismissed their negligence claim because they failed to allege sufficient facts to show that the City owed the Hos a duty of care. *Wallace*, 3 So. 3d at 1046. Florida law recognizes that governmental entities do not owe a duty of care when they inspect buildings and enforce laws, so any action in condemnation or enforcing liens did not create a duty of care. *Trianon Park Condominium Ass'n*, 468 So. 2d at 919–20.

Third, the district court properly dismissed their unjust enrichment claim because unjust enrichment is a quasi-contractual theory and sovereign immunity is a defense to an implied contract under Florida law. *Tooltrend*, 198 F.3d at 805; *Israel*, 178 So. 3d at 447.

Fourth, the district court also properly dismissed the Hos' "commercial bad faith" claim because there is no indication such a claim exists under Florida law.

Fifth, the district court properly dismissed their intentional infliction of emotional distress claim because it is barred by sovereign immunity under Florida law. *Weiland*, 792 F.3d at 1330.

Sixth, the district court properly dismissed the Hos' tortious interference claim because they did not allege that they had an existing business relationship or contract with which the City interfered. *Ethan Allen*, 647 So. 2d at 814; *Smith*, 335 So. 2d at 643. Instead, they simply stated that they would like to use the space for a Buddha Temple or civil rights office but made no mention of a contract or existing relationship.

Lastly, the district court properly dismissed their request for a preliminary injunction to prevent demolition. The Hos did not allege facts sufficient to show their Fourth, Fourteenth, or Fifth Amendment rights were violated, so it is unlikely that they would prevail on the merits. *Wreal*, 840 F.3d at 1247. Moreover, even if they had alleged facts sufficient to show they could prevail on the merits, the district court correctly denied their request for a

preliminary injunction because the Hos did not show any harm was irreparable. *Id.* They asked for monetary damages in addition to their injunctive relief, indicating that monetary damages were adequate. *Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am.*, 896 F.2d at 1285.

Accordingly, the court properly concluded that the Hos' amended complaint failed to state a claim for which relief could be granted, and we affirm as to this issue.

## II

The Hos next argue that dismissal with prejudice was too severe a sanction and that the district court should have allowed an extension of time to file a second amended complaint.

We review a district court's dismissal for failure to comply with the rules of court for abuse of discretion. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). We will not disturb the district court's decision unless we find the district court made a clear error of judgment or applied the wrong legal standard. *Guideone Elite Ins. Co. v. Old Cutler Presbyterian Church*, 420 F.3d 1317, 1325 (11th Cir. 2005).

A district court has inherent power to manage its docket. *Betty K Agencies*, 432 F.3d at 1337. A district court may also dismiss a case for the failure to prosecute or comply with a court order. *Id.* (citing Fed. R. Civ. P. 41(b)). A court may extend the time a party has to act for good cause if a motion is made after the time to act has passed because of excusable neglect. Fed. R. Civ. P.

6(b)(1)(B). The fact that a party is proceeding in a matter *pro se* does not excuse their failure to comply with procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

A dismissal with prejudice is an extreme sanction that may only be imposed when (1) a party engages in a clear pattern of delay or willful contempt and (2) the district court specifically finds that lesser sanctions would not suffice. *Betty K Agencies*, 432 F.3d at 1337–38. Consideration of lesser sanctions may be implicit or explicit. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Here, the district court did not abuse its discretion in denying the Hos' motion for an extension of time to file a second amended complaint regarding their claims that were dismissed without prejudice and dismissing the action with prejudice. The Hos exhibited a pattern of delay in missing deadlines and failing to comply with discovery requests after multiple warnings by the district court, and the court explicitly found that lesser sanctions would not suffice. Accordingly, we also affirm as to this issue.

**AFFIRMED.**