DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CITY OF DELRAY BEACH,**
Appellant,

v.

**SHERMAN WILLIAMS AMERICAN LEGION, POST 188,**
Appellee.

No. 4D22-783

[March 22, 2023]

Appeal of a nonfinal order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Janis Brustares Keyser, Judge; L.T. Case No. 50-2021-CA-012581.

Michael A. Rosenberg, Sanaz Alempour, and Courtney A. Kaiser of Cole, Scott & Kissane, P.A., Plantation, for appellant.

Michael D. Brown of Brown & Associates, P.A., North Palm Beach, for appellee.

CONNER, J.

The City of Delray Beach ("the City") brings this nonfinal appeal, challenging the denial of its motion to dismiss one of five counts based on sovereign immunity. We agree with the City that the complaint fails to sufficiently allege the existence of a written contract to establish a waiver of sovereign immunity as to a breach of contract claim. We thus reverse and remand for further proceedings.

*Background*

The complaint alleges that, in 1947, the City granted appellee, Sherman Williams American Legion, Post 188 ("the Post"), a 99-year lease for the purpose of constructing a meeting hall. Attached to the complaint were copies of the following documents:

(1) The September 9, 1947 City Council meeting minutes, in which the City manager advised that the Post was requesting a 99-year lease

of property upon which to build a meeting hall.  The minutes reflect that a motion to grant the request was made and passed.

(2) A letter which the City sent to the Post in 1982, acknowledging that neither party possessed the original or a copy of the 1947 lease.

(3) A purported written 64-year lease signed in 1982 (representing the balance of the 99-year term of the 1947 lease).  The 1982 lease included terms that either party could cancel the lease with sixty days' notice.

(4) An amended written lease purportedly signed by the parties in 2004.  The 2004 lease included a provision entitling either party to terminate the lease with 180 days' notice.

(5) A 2018 letter to the Post commander giving notice of the City's intent to terminate the lease.[1]

The purported 1947 lease was not attached to the complaint.

The City took possession of the property 279 days after sending the 2018 termination notice.  The Post then sued the City, alleging inverse condemnation, trespass, conversion, breach of contract, and need for a declaratory judgment.  As part of the complaint's general allegations, the Post alleged it "never authorized any member(s), agent(s), or affiliate(s) to relinquish, compromise or diminish its ownership of, or right of access to the 'Post.'"

The City moved to dismiss the breach of contract count as barred by sovereign immunity.[2]  The trial court denied the motion without explanation.  The City noticed this nonfinal appeal.

*Appellate Analysis*

The City argues the trial court erred in denying its motion to dismiss because the trial court ignored the City's entitlement to sovereign immunity.  Entitlement to sovereign immunity is a question of law which

---

[1] The complaint alleged the commander to whom the letter was addressed died in 2010.  The complaint makes no allegation that the notice was ineffective because the addressee was deceased, or it was sent to the wrong address.

[2] The order on appeal also denied the motion to dismiss as to the other four counts, but the City appeals only the denial on the breach of contract count.

is reviewed de novo.  *Lee Mem'l Health Sys. v. Hilderbrand*, 304 So. 3d 58, 60 (Fla. 2d DCA 2020).

The City argues the breach of contract count is barred by sovereign immunity because the alleged conduct occurred after the termination of the lease, and the Post failed to identify a specific contractual provision that the City breached.

In *Pan-Am Tobacco Corp. v. Department of Corrections*, 471 So. 2d 4 (Fla. 1984), our supreme court held that "where the [sovereign] has entered into a contract fairly authorized by the powers granted by general law, the defense of sovereign immunity will not protect the [sovereign] from action arising from the [sovereign's] breach of that contract."  *Id.* at 5.  The court went on to "emphasize that our holding here is applicable only to suits on express, *written* contracts into which the [sovereign] has statutory authority to enter."  *Id.* at 6 (emphasis added); *see also City of Fort Lauderdale v. Israel*, 178 So. 3d 444, 447 (Fla. 4th DCA 2015) (holding a written contract is required to defeat a municipality's sovereign immunity).

The Post argues the trial court properly denied the motion to dismiss because the complaint alleges the Post and the City entered into a lease in 1947, and the Post did not authorize the 1982 and 2004 leases.  The Post correctly notes that, on a motion to dismiss at the pleading stage, the trial court is limited to the four corners of the complaint, including its attachments.  *See Alevizos v. John D. & Catherine T. MacArthur Found.*, 764 So. 2d 8, 9 (Fla. 4th DCA 1999).  The Post also correctly notes that sovereign immunity is generally an affirmative defense, and a motion to dismiss should be granted only when the complaint conclusively establishes its applicability.  *See Peak v. Outward Bound, Inc.,* 57 So. 3d 997, 999 (Fla. 2d DCA 2011).

The problem with the Post's argument is that, although the complaint alleges the City and the Post entered into a lease in 1947, the complaint does not sufficiently allege a written lease signed by both parties.  Additionally, this deficiency is not remedied by the complaint's attachments.

The Post presumably attached the September 9, 1947 City Council meeting minutes to comply with the rule of procedure requiring a complaint alleging breach of a written contract to attach a copy of the contract.  *See* Fla. R. Civ. P. 1.130(a).  The minutes state the City manager advised the Council that the Post was requesting a 99-year lease to construct a meeting hall, and after a motion was made, the request was

granted. The minutes then state: "City Attorney Nowlin was instructed to prepare a lease accordingly."

The pleading deficiency is undermined by another attachment, the 1982 letter from the City manager to the Post, which states:

> City records show that the City Council granted your American Legion Post's request for a 99 year lease on September 9, 1947, and that the City Attorney was to prepare the necessary lease. *We are unable to locate the executed lease, and I understand that your records do not include one, either. We must conclude that the lease was never prepared.*

(Emphasis added).

Regardless, the City Council meeting minutes are not enough to establish a written lease. On appeal, the Post cites cases which it argues support the proposition that "[a]gency 'minutes' or other official documents created by a government agency as part of its administrative process can be considered as evidence of the existence of a contractual relationship between a party and the government." But none of the cases cited address a situation where, as here, a copy of the written contract is not part of the record.

Additionally, as the City correctly argues, while governmental meeting minutes may confirm the existence of a contractual relationship, a well-pled complaint alleging breach of a written contract must not only attach a copy of the contract but also make allegations as to which contractual provisions were breached. *See Dist. Bd. of Trs. of Miami Dade Coll. v. Verdini*, 339 So. 3d 413, 421 (Fla. 3d DCA 2022) (reversing and remanding to dismiss complaint based on sovereign immunity where complaint failed to sufficiently identify an express, written contract to provide services). Whether the City breached a purported 1947 written lease depends on whether that lease had termination provisions. It is common for residential and commercial leases to contain termination provisions. The Post does not argue (nor are we inclined to assume) that, if there was a written lease in 1947, it did not contain any termination provisions.

The City's position is not without its own flaws. Below and on appeal, the City argues the 1982 and 2004 leases replaced the lease authorized in 1947, and the lease was properly terminated pursuant to provisions in the 2004 lease. But the City ignores the Post's allegations in the complaint that it never authorized the 1982 and 2004 leases. Nonetheless, this is secondary to the Post's failure to sufficiently allege a written lease.

At the pleading stage, a motion to dismiss should not be granted with prejudice unless the plaintiff clearly cannot allege a cause of action, or the amendment privilege has been abused. *See Omasta v. Bedingfield*, 689 So. 2d 409, 410 (Fla. 5th DCA 1997) ("[U]nless it appears that the privilege to amend has been abused or that a complaint is clearly untenable, it is an abuse of discretion to dismiss with prejudice."). If the Post is able to produce the original or a copy of a duly signed 99-year lease from the City, the Post may be able to properly allege a breach of contract and avoid the City's sovereign immunity defense.

*Conclusion*

For the above reasons, we reverse the order denying the motion to dismiss the breach of contract count of the complaint and remand with instruction for the trial court to dismiss that count with leave to amend to properly allege breach of a written lease agreement with appropriate attachments.

*Reversed and remanded with instructions.*

DAMOORGIAN and ARTAU, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**