# SIXTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

Case No. 6D23-161
Lower Tribunal No. 21-CA-922

_____

POLK STATE COLLEGE DISTRICT BOARD OF TRUSTEES,

Appellant,

v.

SHANTRELL FISHER,

Appellee.

_____

Appeal pursuant to Fla. R. App. P. 9.130 from the Circuit Court for Polk County.
William D. Sites, Judge.

February 9, 2024

STARGEL, J.

Appellant, Polk State College, appeals the trial court's order denying its motion to dismiss the two-count, class action complaint for breach of contract and unjust enrichment filed by Appellee, Shantrell Fisher.[1]  Since the motion to dismiss was based on sovereign immunity grounds, and non-final orders denying a motion that asserts entitlement to sovereign immunity are immediately appealable, we have

_____

[1] This case was transferred to this Court from the Second District Court of Appeal on January 1, 2023.

jurisdiction. *See* Fla. R. App. P. 9.130(a)(3)(F)(iii). Because Fisher failed to demonstrate the existence of an express contract waiving sovereign immunity, we reverse.[2]

<u>Background</u>

During the COVID-19 pandemic, Polk State limited access to its physical campus beginning in the Spring 2020 semester. This action was taken at the direction of the Florida Department of Education and following Governor DeSantis' declaration that COVID-19 was a public health emergency. As a result, Polk State transitioned its classes to a remote, online learning format. Fisher filed a complaint against Polk State alleging she was a student there during the Spring and Summer semesters of 2020 and is entitled to a pro rata refund of fees assessed to her for these semesters, measured from the date Polk State closed its physical campus. Fisher also sought relief on behalf of all other students enrolled at Polk State during that time who were assessed similar fees, arguing that Polk State assessed fees to its students that were to be utilized for on-campus services; that she and other students like her did not receive certain services during the pandemic to which they were contractually entitled; and, therefore, she and other similarly situated students should be entitled to a pro rata refund from the date Polk State closed its physical campus and transitioned students to a remote learning environment. The complaint

_____

[2] Having so ruled, we need not reach the merits of Polk State's other arguments.

specifically references the student activity, technology, and student services fees. Fisher only incorporates a schedule of student fees for the Spring and Summer 2020 semesters into her complaint, which she alleges constitutes an express, written contract underlying her breach of contract claim.

Polk State moved to dismiss the complaint on sovereign immunity grounds. The trial court granted the motion to dismiss as to the unjust enrichment claim. With respect to the breach of contract claim, Polk State argued that Fisher did not establish the existence of an express, written contract obligating it to provide on-campus services during the semesters in which the fees were assessed or obligating it to refund student fees when on-campus facilities are limited. The trial court denied the motion as to that count, ruling:

> [T]he Court finds Plaintiff has sufficiently alleged the existence of an express contract (which may incorporate statutory conditions) by the alleged existence of more documents, other than said Invoices, in Defendant's exclusive possession which Plaintiff seeks discovery thereof. At this time, sufficient allegation of an express contract between Plaintiff and Defendant forestalls dismissal based on sovereign immunity.

## Analysis

We review de novo the legal issue of a party's entitlement to sovereign immunity. *See Plancher v. UCF Athletics Ass'n*, 175 So. 3d 724, 725 n.3 (Fla. 2015). "[B]ecause sovereign immunity includes immunity from suit, entitlement to sovereign immunity should be established as early in the litigation as possible." *Fla. Highway Patrol v. Jackson*, 288 So. 3d 1179, 1185 (Fla. 2020). Thus, it "may

3

properly be considered on a motion to dismiss." *Dist. Bd. Of Trs. of Miami Dade Coll. v. Verdini*, 339 So. 3d 413, 417 (Fla. 3d DCA 2022) (citation omitted).

> Outside of claims brought under the federal or state constitutions, sovereign immunity bars suit against the State. This is an absolute rule with only two exceptions. The first is in Florida's constitution itself, which expressly vests the Legislature with the authority to waive the State's immunity by general law. Art. X, § 13, Fla. Const. ("Provision may be made by general law for bringing suit against the state as to all liabilities now existing or hereafter originating."). The second exception is of judicial creation: When the State contracts with a private entity, then "the defense of sovereign immunity will not protect the state from action arising from the state's breach of that contract."

*Univ. of Fla. Bd. of Trs. v. Rojas*, 351 So. 3d 1167, 1170 (Fla. 1st DCA 2022) (footnotes omitted) (quoting *Pan-Am Tobacco Corp. v. Dep't of Corr.*, 471 So. 2d 4, 5 (Fla. 1984)), *review granted*, SC2023-0126, 2023 WL 4784215 (Fla. July 27, 2023).

Polk State is a state college and enjoys the same sovereign immunity protections as other state entities. *City of Key West v. Keys Comm. Coll.*, 81 So. 3d 494, 497 (Fla. 3d DCA 2012) (observing that a state community college was a "state entity" and thus entitled to sovereign immunity absent waiver). Breach of contract claims may only go forward against state entities where the suit is based on an express, written contract into which the state entity has authority to enter. *Id.* Failure to establish the existence of an express, written contract requires dismissal of the contract claim. *Cnty. of Brevard v. Miorelli Eng'g, Inc.*, 703 So. 2d 1049, 1051 (Fla.

4

1997) (stating "that there first be an express written contract before there can be a waiver of sovereign immunity").

"While a student's relationship with his university is contractual in nature, it is an implied contract and not an express, written contract." *Fla. Int'l Univ. Bd. of Trs. v. Alexandre*, 365 So. 3d 436, 440 (Fla. 3d DCA 2023) (quoting *Williams v. Fla. State Univ.*, No. 4:11-cv-350-MW/CAS, 2014 WL 340562, at *6 (N.D. Fla. Jan. 29, 2014) (applying Florida law)); *see also Rhodes v. Embry-Riddle Aeronautical Univ., Inc.*, 513 F. Supp. 3d 1350, 1357 (M.D. Fla. 2021) ("The terms of a student's contract with the university may be derived from university publications such as the student handbook and catalog. Such publications are terms of an implied-in-fact contract rather than an express contract." (first quoting *Sirpal v. Univ. of Miami*, 509 F. App'x 924, 929 (11th Cir. 2013); and then quoting *Sharick v. Se. Univ. of Health Sci., Inc.*, 780 So. 2d 136, 138 (Fla. 3d DCA 2000))).

A complaint based upon a written contract "does not state a cause of action until the instrument or an adequate portion thereof[] is attached to or incorporated in the complaint." *Glen Garron, LLC v. Buchwald*, 210 So. 3d 229, 233 (Fla. 5th DCA 2017) (quoting *Contractors Unlimited, Inc. v. Nortrax Equip. Co. Se.*, 833 So. 2d 286, 288 (Fla. 5th DCA 2006)). "All bonds, notes, bills of exchange, contracts, accounts, or documents on which action may be brought or defense made, or a copy thereof or a copy of the portions thereof material to the pleadings, must be incorporated in or attached to the pleading." Fla. R. Civ. P. 1.130(a). "When ruling

5

on a motion to dismiss, the court 'must limit itself to the four corners of the complaint, including any attached or incorporated exhibits . . . .'" *Skupin v. Hemisphere Media Grp.*, 314 So. 3d 353, 355 (Fla. 3d DCA 2020) (quoting *Grove Isle Ass'n. v. Grove Isle Assocs.*, 137 So. 3d 1081, 1089 (Fla. 3d DCA 2014)). However, "[t]he conclusions of the pleader, as to the meaning of the exhibits attached to the complaint, are not binding on the court." *Id.* at 356 (alteration in original) (quoting *Ginsberg v. Lennar Fla. Holdings*, 645 So. 2d 490, 494 (Fla. 3d DCA 1994)). When an exhibit contradicts the allegations, the exhibit controls, "the variance is fatal[,] and the complaint is subject to dismissal for failure to state a cause of action." *Appel v. Lexington Ins. Co.*, 29 So. 3d 377, 379 (Fla 5th DCA 2010).

Fisher failed to attach any express, written contract obligating Polk State to provide specific on-campus services to any student during any specific period, or to refund those fees when such services are temporarily halted or restricted. Fisher merely attached two schedules of fees—essentially invoices—and alleged that the schedule of fees constituted an express contract that Polk State breached. However, the invoices here, like the Statement of Charges in *Goldstein v. University of Central Florida Board of Trustees*, do not contain any promissory statements on the part of Polk State, nor do they delineate how, when, or where the fees are to be used or services are to be provided. No. 6D23-1203, 2023 WL 5492043 at *2 (Fla. 6th DCA Aug. 25, 2023) *petition for discretionary review pending*, No. SC2023-1386. Fundamentally, there is no evidence of mutual assent that the fees paid would

6

guarantee the provision of certain in-person services on Polk State's campus during that semester. Consequently, the invoices attached to the complaint do not constitute an express contract between Polk State and Fisher.[3]

The trial court based its denial of the motion to dismiss as to the breach of contract claim on its finding that Fisher alleged the existence and breach of an express contract even though no such contract was specifically identified or attached to the complaint. The trial court reasoned that discovery would be necessary to determine whether the contractual relationships at issue were expressed or implied in order to resolve the sovereign immunity issue. The complaint alleges, in pertinent part, that:

> [t]hese contracts are express written agreements between Plaintiffs and Class members and Polk State and are constituted by bills and invoices provided to students (such as the schedule of fees provided to Plaintiff for the Spring and Summer 2020 sessions attached to this Complaint as Exhibit C), and other written agreements requiring students to make specific fee payments in exchange for certain services. Although Plaintiff may not have all the documents constituting the express contracts currently in her possession, Plaintiff should be given the opportunity to establish the contracts' existence by discovery directed to Polk State, who certainly has these express contracts in its sole and exclusive possession.

To survive a motion to dismiss on sovereign immunity grounds, a party needs to identify an express, written contract that "impose[s] the express duty" that she

---

[3] Even presuming, as Fisher urges, that the schedule of fees constitutes an express contract into which the provisions of section 1009.23, Florida Statutes (2020), could be incorporated, no aspect of that statute imposes the obligation that Fisher contends Polk State breached. *See Verdini*, 339 So. 3d at 419.

7

alleges was breached. *City of Miami Firefighters & Police Officers Tr. & Plans v. Castro*, 279 So. 3d 803, 807 (Fla. 3d DCA 2019). In other words, Fisher was required to identify written contractual language obligating Polk State to provide the services Fisher claims entitlement to in exchange for student fees, and that the failure to provide those services entitles her to a refund of the fees charged. Since the invoices attached to the complaint do not constitute express contracts, the remaining question is whether Fisher's reference to "other written agreements" that she "may not have" and her statement that she "should be given the opportunity to establish the contracts' existence by discovery directed to Polk State, who certainly has these express contracts in its sole possession" was enough to sufficiently allege the existence of an express contract requiring students to make specific fee payments in exchange for certain services. We hold that it was not.[4]

When the Florida Supreme Court ruled in the *Pan-Am* case, the issue being addressed was whether sovereign immunity would bar an enforcement action by a

---

[4] We distinguish this case from *University of South Florida Board of Trustees v. Moore*, 347 So. 3d 545 (Fla. 2d DCA 2022), wherein the Second District upheld a denial of sovereign immunity at the motion to dismiss phase. Unlike Fisher, Moore proffered documents including student registration agreements that stated, "By clicking 'Submit Changes' below, I am entering into a legal, binding contract with USF" and incorporated university publications and registration policies that could include express promises to provide specific services in exchange for the payment of tuition. *Id.* at 549-50. The Second District considered these documents a potential express contract and held that "a determination regarding whether the parties' 'legal, binding contract' included a promise to provide on-campus services in exchange for fees is more appropriate at the summary judgment stage." *Id.* at 549.

vendor under an express contract with a state agency. *Pan-Am*, 471 So. 2d at 5. While the legislature had "authorized certain goals and activities which can only be achieved if state agencies have the power to contract for necessary goods and services," the Florida Supreme Court reasoned that the legislature "clearly intended that such contracts be valid and binding on both parties." *Id.* The court further emphasized "that our holding here is applicable only to suits on express, written contracts into which the state agency has statutory authority to enter." *Id*. at 6. Fisher's desire to establish the existence of said contract through extensive discovery with the sovereign flies in the face of the exception created in *Pan-Am* for express, written contracts.

In *Verdini*, the Third District rejected the assertion that a similar breach of contract claim could go forward based on unspecified documents that *might* form an express agreement that *might* be uncovered in discovery. 339 So. 3d at 419 (holding that a general allegation in a complaint is insufficient to overcome sovereign immunity as there is nothing evidencing an express written contract). Likewise, because no specific documents, nor any specific terms of a document, were referenced in the complaint, Fisher failed to sufficiently allege the existence of an express contract that could defeat a claim of sovereign immunity, and Polk State was entitled to dismissal on the breach of contract claim. Accordingly, we reverse and remand with directions to dismiss the remainder of the complaint against Polk State.

REVERSED and REMANDED.

9

TRAVER, C.J., and WOZNIAK, J., concur.

Jeffrey D. Slanker and Robert J. Sniffen, of Sniffen & Spellman, P.A., Tallahassee, for Appellant.

Adam M. Moskowitz, Howard M. Bushman, and Barbara C. Lewis, of The Moskowitz Law Firm, and Douglas Eaton, of Eaton & Wolk, P.L., Miami for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF FILED