DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SOUTH BROWARD HOSPITAL DISTRICT** d/b/a
**MEMORIAL HEALTHCARE SYSTEM,**
Appellant,

v.

**JOSEPH KAPLAN** and **DONALD SOLOMON,**
on behalf of themselves and all others similarly situated,
Appellees.

No. 4D2023-2411

[September 11, 2024]

Appeal of a nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Keathan B. Frink, Judge; L.T. Case No. CACE22-015026.

Alfred J. Saikali and Jennifer A. McLoone of Shook, Hardy & Bacon L.L.P., Miami, for appellant.

Jonathan B. Cohen of Milberg Coleman Bryson Phillips Grossman, PLLC, St. Petersburg, for appellees.

PER CURIAM.

South Broward Hospital District d/b/a Memorial Healthcare System (the "Hospital District") appeals the circuit court's order denying its motion to dismiss. Joseph Kaplan and Donald Solomon brought a putative class action against the Hospital District, alleging it knowingly disclosed individuals' private and protected information to Facebook. The Hospital District moved to dismiss, arguing it was entitled to sovereign immunity. The circuit court concluded that Florida's wiretapping statute permits suit against any person or entity and, because the district is an entity, it permits suit against the district. *See* § 934.10, Fla. Stat. (2022).

Sovereign immunity is the rule, not the exception. *City of Miami v. Robinson*, 364 So. 3d 1087, 1089 (Fla. 3d DCA 2023) (citing *Pan-Am Tobacco Corp. v. Dep't of Corr.*, 471 So. 2d 4, 5 (Fla. 1984)). It bars claims against a government entity except for claims brought under the federal or state constitutions, claims based on a "clear and unequivocal" legislative

waiver of sovereign immunity, or contractual claims based on an express, written agreement with a governmental entity. *See Robinson,* 364 So. 3d at 1091 (citing *Univ. of Fla. Bd. of Trs. v. Rojas,* 351 So. 3d 1167, 1170 (Fla. 1st DCA 2022)).

Kaplan and Solomon argue that waiver of sovereign immunity can be implied because the legislature amended section 934.10 to include claims against any person or entity.[1] We conclude that the legislature's amendment of section 934.10—applying it to a "person or entity" instead of just a "person"—was not a clear and unequivocal waiver of sovereign immunity. *See, e.g.,* Order Granting Defendant's Motion to Dismiss, *Yeisley v. Univ. of Iowa Hosps. & Clinics,* No. 3:23-cv-00025 (S.D. Iowa Feb. 16, 2024), ECF No. 42. We agree with the *Yeisley* court: the addition of the word "entity," at best, renders it ambiguous as to whether the legislature intended to waive sovereign immunity. And an ambiguous act by the legislature is not clear and unequivocal. As a result, we reverse the circuit court's order.

*Reversed.*

KLINGENSMITH, C.J., DAMOORGIAN and KUNTZ, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

---

[1] Section 934.02(5), Florida Statutes (2022), states that "'[p]erson' means any employee or agent of the State of Florida or political subdivision thereof, of the United States, or of any other state or political subdivision thereof, and any individual, partnership, association, joint stock company, trust, or corporation." The parties do not address this definition, or its application to the issue in this case, in their briefs.

2